Barnes
*v.*
The State.

## Barnes *against* The State :

### IN ERROR.

Where the state, on the trial of a complaint against *B,* for selling wine and spiritous liquor contrary to the statute, having introduced evidence to prove the facts alleged in the complaint, *B,* to rebut such evidence, adduced evidence to prove, that at other times he had refused to sell ; and thereupon the state, to show, that such refusals of *B* were not real, but a mere pretence, and thus to rebut *B's* evidence, offered in evidence a record of the court, showing the pendency, at the time of those refusals of a prosecution against *B* for selling wine and spiritous liquor in violation of the statute ; it was held, 1. that such record was admissible to show the existence of such prosecution, at the time referred to, and thus to counteract the effect of *B's* evidence ; 2. that if *B's* evidence was irrelevant, and for that reason inadmissible, *B* could not successfully claim a reversal of the judgment against him, on the ground that the evidence adduced rebut his irrelevant evidence, was also irrelevant.

This was a grand-juror's complaint against *Chauncey Barnes,* for a violation of the statute relating to the sale of spiritous liquors, brought originally to a justice of the peace, and from his judgment appealed to the county court.

The complaint alleged, that on the 29th day of *September,* 1849, at *Hartford,* said *Chauncey Barnes,* not being a taverner, did sell wines and spiritous liquors to a certain person whose name is to the grand-juror unknown, and did suffer and permit said wines and spiritous liquors, so by him sold, to be drunk by said person, in his, the said *Barnes's* house, store or shop, when and where sold ; against the peace, &c.

On the trial of the cause in the county court of *Hartford* county, *November* term, 1849, the attorney for the state claimed to have proved the facts alleged in the complaint. The defendant offered several of his boarders and others to prove, that from the 1st of *June* 1849, to the commencement of this prosecution, they had repeatedly called on the defendant at his house, for wine and spirit, and been refused, and had seen none sold in his house. By this species of evidence, the defendant claimed to have proved, that none was sold, and that the witnesses on the part of the state must be mistaken. To counteract the evidence thus offered, and to show a motive for the defendant's conduct, the attorney for the state offered the record of the county court at its *August* term 1849, showing that a prosecution was pending against

the defendant, from said 1st of *June* until the middle of *August*, for selling wine and spiritous liquors ; to which the defendant pleaded *guilty.* And the attorney for the state claimed, that it was only during the pendency of such prosecution, that the defendant refused to sell.  He also offered, in connexion with such record, a witness to prove, and claimed to have proved, that during the same period, or some portion of it, when the defendant claimed that he refused to sell to sundry applicants, he did sell to divers other persons.  To the admission of said record the defendant objected, on two grounds : first, that it did not tend to prove the issue ; and secondly, that the sale complained of in the record, was made by the defendant, before he moved into the house in which he resided on the 29th of *September* last—a fact admitted.

*Hartford,*
*August, 1850.*

Barnes
*v.*
The State.

The court admitted the record, but charged the jury, that it was not to prove the guilt of the defendant ; but if he refused to sell, under the hope that the first prosecution would be withdrawn, or the penalty lessened, by his stopping, or professing to abandon, further sales, it would tend to show a motive for his conduct other than the one alleged.

The jury returned a verdict against the defendant ; who thereupon filed a bill of exceptions, and brought a writ of error in the superior court; which was reserved for the advice of this court.

*Goodman,* for the plaintiff in error, contended, That the record adduced in evidence, by the public prosecutor, should have been excluded.  In the first place, it did not appear, from the face of the record, that the same fact was there in issue as is in issue here. *Church* v. *Leavenworth,* 4 *Day* 274. 277. *Ryer* v. *Atwater, Id.* 431. 433. *Cowles* v. *Harts* & al. 3 *Conn. R.* 516. 522. 1 *Stark. Ev.* 195. 197. A record is not evidence of any matter that comes *collaterally* in question. 1 *Stark. Ev.* 190. Secondly, this record was not made admissible, by reason of any testimony offered by the defendant.  It did not tend to disprove any fact which the defendant claimed to have proved.  Thirdly, the parol testimony, in connection with which the record was introduced, did not render the record admissible.  Fourthly, if the court erred in admitting the testimony offered by the defend-

*Hartford,*
*August, 1850.*

*Barnes*
*v.*
The State.

ant, this did not justify it in admitting the record in question. *Stringer* v. *Young,* 3 *Pet. R.* 336, 7.

*R. D. Hubbard,* (state's attorney,) contra, insisted, That the record of conviction was admissible in evidence. In the first place, it was offered, not to prove the truth of the matters then in issue, but the fact that such a proceeding was pending, at that time ; and for this purpose, it was not *res inter alios acta,* or in any respect exceptionable. Secondly, it tended to show why the defendant did not sell publicly and indiscriminately ; and so to rebut the defendant's evidence.

Storrs, J. If the evidence adduced by the defendant below, to show that he refused to sell wines, &c., at other times than that when the state claimed to have proved that he sold them, was properly admitted, for the purpose of meeting said proof of the state, the evidence offered by the state, to rebut said evidence of the defendant, was clearly admissible. It tended to prove, that these refusals of the defendant were not real and in good faith, but a mere sham and pretence, and therefore to destroy the effect of the defendant's evidence.

The record of the proceedings pending against the defendant, when he refused to sell liquors, as claimed by him, was properly admitted to show the existence of those proceedings ; and it was offered for no other purpose.

But the evidence thus adduced by the defendant was, as he now claims, irrelevant. It neither conduced to disprove the sale of liquors, as alleged in the complaint, and claimed to have been proved by the state, nor to discredit the testimony of the state to prove such sale. It was merely the general statement of the witness, that he boarded in the defendant's house, when the sale was claimed to have been made ; that he had called on the defendant for liquors, and been refused ; and that he had never seen any sold by him. This, of itself, would prove nothing. If the defendant had claimed to prove, that the witness was present when the sale, claimed to have been proved by the state, took place, it would be otherwise. In that case, it would have been proper to show by him, that he did not observe it. Unless he was present, his not seeing such sale would not show that it did

not take place, nor tend to prove that a witness, who stated that he saw it, testified falsely ; nor would a refusal, by the defendant, to sell to the witness, tend to show, that he did not sell to another person. But when such evidence had been received, at the instance of the defendant, and was before the court, it was a very singular claim on his part, that it should not be rebutted by the state. He ought to have waived or withdrawn his own irrelevant evidence, before he objected to such rebutting proof. It would be passing strange, if the defendant could claim the benefit of the evidence which he had adduced, and, at the same time, exclude the evidence on the other side, to refute it, on the ground that his own evidence was irrelevant. According to this claim, the state could not have even been allowed to impeach the credit of the defendant's witness, either by general or other testimony ; which is absurd.

But the defendant claims, that, however it might be with his own testimony, the evidence of the plaintiff was irrelevant ; and that therefore, there was error in admitting it, for which the judgment below should be reversed. As the case stood, the evidence of the state was unnecessary, rather than irrelevant. But it is obvious, that its introduction could do no possible hurt to the defendant, since it could affect none of his testimony from which he was legally entitled to any benefit. If, therefore, there was any error here, it was merely abstract ; and we are not aware of any principle which requires us, in such a case, to reverse a judgment. *Alling* v. *Shelton*, 16 *Conn. R.* 436.

We advise that the judgment below be affirmed.

In this opinion the other Judges concurred.

Judgment affirmed.