### WILLIAM H. CONGDON *vs.* THE CITY OF NORWICH.

The question whether a road is defective or not depends on a great variety of circumstances which cannot be embraced in a legal proposition, and the question must therefore generally be one of fact and not of law.

Questions of law may however arise as to alleged defects, as whether a sidewalk is a part of the road which a city is bound to keep in repair, or whether a duty devolves upon towns in respect to snow and ice upon roads.

The condition in which a town is bound to keep a road must depend in a measure upon the season of the year, the extent of the public use, the means at command for making the repairs, and other varying circumstances.

Accumulations of snow and ice may produce such a condition of a road as to cause it to be dangerous and defective, and in each particular case of alleged defect from such cause the question will depend upon an inquiry of fact, whether under all the circumstances the road was in a reasonably safe condition, and whether those who were bound to keep it in repair are justly chargeable with negligence in relation to it.

Where the court below found the facts in detail with regard to the dangerous condition of a city sidewalk by reason of ice and snow upon it and upon such facts found that the highway was defective, it was held that inasmuch as the evidence was relevant to show a defective condition of the sidewalk, this court could not review the conclusion of the court below.

Where it appeared that the plaintiff knew of the condition of the sidewalk, which was steep and covered with snow and ice, and that he might to some extent have avoided the danger by leaving the sidewalk and taking the carriage path, and the court below found that unless the law imputed negligence to him upon these facts his own negligence did not contribute to the injury, it was held that the court could not as a matter of law hold the plaintiff chargeable with negligence.

ACTION on the statute concerning highways and bridges, for an injury sustained by the plaintiff through the alleged defective condition of a sidewalk in the city of Norwich; brought to the Superior Court in New London County, and tried on the general issue, closed to the court, before *Carpenter, J.* The court found the following facts:

In the evening of the 13th of January, 1868, the plaintiff, walking down a steep descent upon the sidewalk on Main street, near its intersection with Thames street, in the city of Norwich, stepped upon ice, then being upon the sidewalk, and slipped and fell, and was seriously injured. The sidewalk, which at that point was about five and a half feet wide, was so constructed that there was a declivity of some three inches from the inner to the outer side of the walk to facilitate the escape of water into the gutter. The ground between the sidewalk and the buildings descended towards the sidewalk. There was no structural defect in the walk. Whatever defect existed, if any, was in consequence of the accumulation of snow and ice upon the sidewalk. Main street at this point runs in an easterly and westerly direction, and the sidewalk upon which the plaintiff was walking was upon the north side. The melting of snow and ice upon the adjoining ground, and the roofs of the adjacent buildings, had caused the water to run upon and across the sidewalk diagonally, and freezing thereon, ice and snow had accumulated upon the sidewalk to the depth of three or four inches in places, and had so formed as to cause the surface thereof to be irregular and uneven, but in places smooth and slippery. No sand, ashes, or other substance, had been placed on the walk to render it less dangerous. The weather for four days had been clear and cold, and during that time the sidewalk at the place of the accident had been substantially in the condition above described, and had been more or less slippery and dangerous for two weeks. Within one or two days after the accident the city authorities caused the ice at this place to be covered with sand. There was a good deal of ice at this time, of a similar character, in different places throughout the city, arising from the same or similar causes, but the

streets and sidewalks were not uniformly covered with ice, as is sometimes the case during and after a cold rain.

Upon these facts the defendants claimed, and requested the court to rule, that there was no defect in the highway so as to render the defendants liable; but the court held otherwise, and found that upon these facts the highway was defective within the meaning of the statute.

At the time of the accident the plaintiff was on his way home from a religious meeting by the most direct and usual route. He was familiar with the locality, and knew the condition of the sidewalk, and was using all the care that could reasonably be required of him while walking over the ice. He might however have gone around the ice by passing over the carriage way of the street and thereby avoided the danger to some extent.

If, as a matter of law, it was negligence in the plaintiff, under the circumstances, to attempt to pass over the ice in question, then the court found that he did not exercise due care, and that his own negligence contributed to the injury. But if the law would not impute negligence to him upon these facts, then it was found, as a fact, that his own negligence did not contribute to the happening of the injury.

Upon the facts thus found the court found the issue for the plaintiff and assessed the damages at $2,000. The defendants brought the record before this court by a motion in error, assigning as error that the court should have held, as matter of law, that the highway was not defective within the meaning of the statute, and that the law upon the facts found imported negligence in the plaintiff.

*Halsey* and *Pratt*, for the plaintiffs in error.

1. We contend that ice formed upon the sidewalk in the manner described in the finding of the court, does not cause the highway to become defective within the meaning of the statute. *Stanton* v. *City of Springfield*, 12 Allen, 566; *Luther* v. *City of Worcester*, 97 Mass., 268; *Hutchins* v. *City of Boston*, id., 272; *Raymond* v. *City of Lowell*, 6 Cush., 524, 535; *Calkins* v. *City of Hartford*, 33 Conn., 57. There is

some apparent conflict in a part of these decisions, but the rule seems to be finally settled in two cases which have been reported since this was tried in the court below. The decisive point in these two cases is, that in order to make a town or city liable for a defect caused by ice or snow, there must be such a formation that it is an obstacle to travel. If there is nothing causing the injury but the slipperiness of the ice, then the city is not liable. This is all that appears in the case at bar, and therefore the judgment should be reversed. *Stone* v. *Hubbardston,* 100 Mass., 49; *Gilbert* v. *City of Roxbury,* id., 185.

2. Even if the sidewalk was defective, the plaintiff in passing over it, having full knowledge of its condition, "voluntarily assumed the risk and all the consequences of his indiscretion," and was guilty of such negligence as to prevent his recovery. *Fox* v. *Town of Glastonbury,* 29 Conn., 204; *Park* v. *O'Brien,* 23 id., 339; *Neal* v. *Gillett,* id., 437.

3. The facts found by the court upon which judgment was rendered are insufficient to warrant the judgment. It is not found that the walk was defective, nor that the plaintiff was in the exercise of due care. Upon this finding if the case had been reserved it must have been sent back for a further finding. If the finding is insufficient to enable this court to determine what judgment should be rendered, it is insufficient to sustain the judgment that has been rendered.

*Wait* and *Hovey,* for the defendant in error.

1. Whether there was negligence in the plaintiff, was a question not of law, but of fact. *Beers* v. *Housatonic R. R. Co.,* 19 Conn., 566; *Park* v. *O'Brien,* 23 id., 339; *Williams* v. *Clinton,* 28 id., 266.

2. The fact that the plaintiff was familiar with the locality and knew the condition of the sidewalk where he fell and sustained the injury complained of, and that he might have gone around the ice by passing over the carriage way of the street and thereby avoided the danger to some extent, was not conclusive evidence of negligence on his part in attempting to pass over the ice. *Whittaker* v. *West Boylston,* 97

Mass., 273 ; *Reed* v. *Northfield*, 13 Pick., 94 ; *Bigelow* v. *Rutland*, 4 Cush., 247 ; *Smith* v. *City of Lowell*, 6 Allen, 39 ; *Snow* v. *Housatonic R. R. Co.*, 8 id., 441 ; *Meesel* v. *Lynn & Boston R. R. Co.*, id., 234 ; *Frost* v. *Waltham*, 12 id., 85 ; *Jacobs* v. *Bangor*, 16 Maine, 187.

3. The ice and snow upon which the plaintiff slipped, fell and sustained the injury complained of, constituted a defect in the sidewalk within the meaning of the statute. Gen. Statutes, tit. 31, sec. 6 ; *Calkins* v. *City of Hartford*, 33 Conn., 57 ; *Stone* v. *Hubbardston*, 100 Mass., 49 ; *Luther* v. *City of Worcester*, 97 id., 268 ; *Hutchins* v. *City of Boston*, id., 272 ; *Hall* v. *City of Lowell*, 10 Cush., 260 ; *Shea* v. *City of Lowell*, 8 Allen, 136 ; Shearm. & Redf. on Negligence, § 395.

4. The defendants were chargeable with negligence in suffering the ice to remain in the condition it was at the time of the injury, for the period stated in the finding. *Calkins* v. *City of Hartford*, 33 Conn., 57.

5. There was no negligence on the part of the plaintiff which contributed to produce the injury.

SEYMOUR, J. The question in this case is, whether the plaintiff suffered the injury complained of by means of a defective road. The issue was closed to the court and is found in favor of the plaintiff. The facts are stated in detail on which the judgment is based. The defendants insist that the facts thus specially found do not in law warrant the conclusion that the road was defective. In general the question whether a road is or is not defective must be one of fact and not of law. It depends on a great variety of circumstances, which it is impracticable to group together into a legal proposition. A better and safer condition of roads may reasonably be expected and required in the summer than in spring and winter, in populous cities than in unfrequented districts. Much may depend upon the means at command, upon general usage, upon the question whether the defect is the result of a sudden accident or has been long neglected. So many circumstances are involved in the enquiry that courts have usually treated it as one of fact to be submitted to a jury ; not however but

that questions of law may arise as to alleged defects. Thus, in this case, the judge having found that there was no structural defect where the injury happened, and that whatever defect existed was in consequence of the accumulation of ice and snow upon the sidewalk, the court may properly be called on to decide as matters of law, whether, first, a sidewalk may be a part of the road which a city is bound to keep in repair, and, second, whether any duty devolves upon those who are bound to keep roads in repair in respect to snow and ice, and whether in point of law a road may be defective, without structural defects, by means of accumulations of snow and ice. It is conceded that in this rigorous climate the duty of cities and towns in respect to snow and ice is and must be very limited. When an ice storm covers the entire surface of the earth with ice the public authorities cannot be expected to scatter sand and ashes upon all the places of public travel within their limits; and when snow storms cover the ground with irregular heaps, liable to constant change by the force of changing winds, it cannot be expected that the public authorities will make paths as level and smooth and safe as summer roads are reasonably required to be; but it has become familiar law in Connecticut, and not controverted by counsel in this case, that some duty in regard to snow and ice devolves upon cities and towns. Accumulations of snow and ice may produce such a condition of the road as to cause it to be dangerous and defective, and in each particular case of alleged defect from such cause the question will depend upon an inquiry of fact, whether under all the circumstances of the case the road was in a reasonably safe condition, and whether those who were bound to keep the road in repair are justly chargeable with negligence and want of reasonable care in relation to it. As the country advances in wealth and resources and means of improvement many defects which are now properly tolerated may become actionable. A road which now would properly be regarded as reasonably safe might cease to be so regarded if in consequence of increased facilities and means and skill it could at trifling expense be made much safer. If therefore we should undertake to give

a legal definition to a defect in a highway, such definition however just and appropriate to-day, might by change of circumstances become inappropriate by the lapse of a few years. Certain matters are necessarily left as matters of fact in each particular case without exact legal definition, as fraud, negligence, and the like; and what are defects in highways must in general be so left. *Hall* v. *City of Lowell,* 10 Cush. R., 260.

In the case under consideration we cannot pronounce as matter of law that the facts found do not warrant the conclusion to which the court below came. The place where the injury happened was quite steep in Main street; the peculiar construction of the ground and sidewalk caused an irregular and uneven accumulation of ice and snow; the place had been more or less slippery and dangerous for two weeks. Here is evidence relevant to the case tending to show a defective condition of the sidewalk, and it might in law justify the finding of the issue in favor of the plaintiff. We have no cognizance of the question as a question of fact; the case is not before us for a verdict against evidence, but for conclusions alleged to be unwarranted by law.

The defendant also claims that as matter of law it was negligence in the plaintiff under the circumstances found to attempt to pass over the ice in question. It is said, in the first place, that the plaintiff knew the condition of the sidewalk. Such knowledge is important evidence tending to show the plaintiff's negligence, but by no means conclusive. This precise point was so decided in *Reed* v. *Northfield,* 13 Pick., 94. If we should adopt the rule that a party cannot recover for injuries arising from defective roads and bridges merely because he knew of the defect, a town might allow a bridge to remain in a dangerous condition so long that its unsafe condition became known to all persons, and then claim exemption from liability by reason of the grossness of its own neglect. So too the fact, which is urged in the second place, that the plaintiff might to some extent have avoided the danger by leaving the sidewalk and taking the carriage path, is relevant evidence on the question whether he acted with ordinary care, but not conclusive. It was decided in the case of *Williams*

v. *Clinton*, 28 Conn., 266, in a case similar to the present, that the question of the plaintiff's negligence was one of fact, and it was evidently so regarded by the judge who tried this cause at the circuit.

We think there is no error in the judgment complained of.

In this opinion the other judges concurred; except FOSTER, J., who dissented, and CARPENTER, J., who having tried the case in the court below did not sit.