DWIGHT H. SEELEY AND WIFE *vs.* THE TOWN OF LITCHFIELD.

In the case of highways obstructed by snow in country towns, the custom of neighbors joining and breaking a path without expense to the town or any action of the selectmen, is a long established and generally prevailing one, and is satisfactory to the public and reasonable in itself.

In view of this usage there should be something out of the ordinary course in such cases to require action by the selectmen.

It is enough in case of such obstruction if a reasonably safe and convenient path is kept open any where within the limits of the highway.

As a rule, to entitle a party to a new trial for the refusal of the court to charge as requested, the request should be so framed that the court can properly comply with it.

But there should be an exception where the request relates to an important feature of the case, concerning which it is clearly the duty of the court to instruct the jury irrespective of the request. If in such a case the court not only refuses to instruct as requested, but entirely omits to give any instruction whatever on the subject, the party is entitled to a new trial.

ACTION on the statute with regard to highways to recover damages for an injury from a defective highway; brought to the Superior Court in Litchfield County, and tried to the jury before *Hitchcock, J.* Verdict for the plaintiffs and motion for a new trial by the defendants on the ground of a verdict against evidence, and for an omission of the court to instruct the jury as requested. The case is fully stated in the opinion.

*C. B. Andrews,* with whom was *D. C. Kilbourn,* in support of the motion.

*J. H. McMahon* and *A. H. Fenn,* contra.

CARPENTER J. This is an action to recover damages caused, as was claimed, by a defective highway. The alleged defect was a snow drift. There was a verdict for the plaintiffs, and a motion for a new trial for a verdict against evidence; and also for omitting to charge the jury as requested.

The evidence, which is set out at length, shows that there was a drift on the easterly side of the road extending to the east rut of the travelled path, leaving the road bed substantially clear of snow, according to some of the witnesses, and extending nearly two thirds of the way across the travelled path according to others; and it was admitted that there were from twenty to thirty feet of smooth ground west of the drift along which any person might drive in safety. The evidence also shows that there was a snow storm on the first day of February, and a severe storm on the 10th. The accident happened on the 20th. The roads in that section of the town, including the one on which the accident happened, were broken out by the neighbors, without any action by the selectmen; and it was a rare circumstance for the selectmen to be called upon to incur any expense in clearing the road of snow. It also appeared that a large number of persons passed over the place on the evening of the accident, without accident and without noticing that the place was unsafe. It also appeared that the road in question was a stage road, and that one of the selectmen had a standing arrangement with the driver to inform him of any defect in the highway, and that the stage driver in passing over the road daily did not regard the drift as a defect and did not notify the selectmen. It also appeared that a large number of witnesses passed by the place, some of whom regarded the road as reasonably convenient and safe. Others regarded it as unsafe.

The defendants requested the court to charge the jury—

1. That on these facts the town was not negligent in permitting the snow drift to remain.

2. That the arrangement with the stage driver was all the diligence required of the town.

3. That a town is not required to keep the entire space between the fences of a highway free from drifts of snow. Nor to make a road over or through snow drifts in the same line with that of the travelled path in summer, nor to make the winter road straight, but that if there is a free and unincumbered passage or roadway any where between the fences it is sufficient, and the town would not be liable.

4. That if the highway was safe in daylight and the plaintiffs would not have been in danger had they been able to see, then the road was not defective, and the town not liable.

The court did not instruct the jury as requested.

The duty of towns with reference to snow in the highways is a very limited one. Obstructions or defects from that cause are usually temporary. They are caused, and would in due time be removed, by the elements. But to avoid temporary inconvenience it is customary, especially in the rural districts, for the people to assemble and "break out" the roads, without expense to the town. In doing so they aim at practical convenience and frequently, as in this case, depart somewhat from the ordinary travelled path. People do not expect that the roads will be as commodious nor in all respects as safe as they are in summer. They generally clear the road without expense and with but little trouble to themselves, and when a way is open so as to afford reasonable accommodation they are satisfied. It is only in exceptional cases that the public authorities are called upon to act. The burdens thus assumed are not heavy and are quite evenly distributed throughout the town. The people doubtless prefer to do it in that way rather than tax themselves to do it townwise; besides they have the advantage of having it speedily done and of avoiding the vexatious delays necessarily attending the performance of such duties by the public authorities.

That was the method adopted in this case; a method reasonable in itself and sanctioned by long and immemorial usage. This reference to the subject serves to illustrate and explain the nature of the duty devolving upon the towns and seems to indicate that there should be something out of the ordinary course—something unusual—to require action by the selectmen.

The attention of the selectmen was not called to the condition of this road, and it does not seem to have occurred to any one that there was anything in the case making it necessary to call their attention to it.

The question before the jury was whether the road at this point was in a reasonably safe condition, and whether the selectmen are justly chargeable with negligence or want of reasonable care in reference to it. *Congdon* v. *Norwich*, 37 Conn., 414. Now the defendants did not directly and specifically call the attention of the court to this limited duty and to the circumstances limiting it and ask the court to apply the law to the case. They asked in the first place that the court would say as matter of law that the town was not negligent, which of course could not properly be done. *Congdon* v. *Norwich*, supra. They then asked that the court would say to the jury that the town was not bound to keep the whole space between the fences of the highway suitable for travel, but that an open passage way was all that was required. We do not think the court was bound to say that without qualification, as manifestly the open way must be reasonably safe and convenient. With this qualification we see no objection to the request.

We also think that the request relating to the line of travel was pertinent to the case and proper as far as it went. There was evidence that the line of winter travel deflected from the summer path, causing a curve in the track which materially contributed to the injury as it is claimed. We think it is true that the town is not in all cases bound to follow the travelled path in clearing the road of snow; and we think the court should have said so to the jury, and then applied the general proposition to the evidence and left it to the jury to say under the circumstances whether there was negligence in this respect.

From the charge it appears that the court did not allude to the qualified nature of the defendants' duty in respect to snow, but treated the case as though the defect complained of was an ordinary structural defect, or an obstruction caused by placing some more substantial material upon the highway which clearly both law and custom required the selectmen to remove or repair as the case might be. Thus the jury were left to infer that the same care and diligence were required of the selectmen in this case that are required

of them in all cases. Hence it is possible, if the jury had had their attention called by the court to this limited duty and to the facts and circumstances limiting and qualifying it, and had been asked to say whether under all the circumstances the selectmen had neglected any duty devolving upon them, that the result would have been different.

We are somewhat embarrassed by the fact that the defendants' requests as legal propositions are objectionable or require qualification. As a rule, to entitle a party to a new trial for the refusal of the court to charge as requested, the request should be so framed that the court can properly comply with it. But there may be exceptions to that rule, and there should be an exception when the request relates to a material and important feature of the case concerning which it is clearly the duty of the court to instruct the jury irrespective of the request. If in such cases the court not only refuses to instruct them as requested, but entirely omits all reference to the subject, thereby leaving the jury to have, and to act upon, erroneous impressions of the law, we think the party is entitled to a new trial, notwithstanding the imperfect manner of making the request. All the requests to which we have alluded seem to be based on, and to have reference to, this limited duty and qualified responsibility, and while it was not the duty of the court to charge precisely as requested, yet it was its duty to respond to the request by charging the jury correctly on that subject. The failure to do so very likely left the jury with the impression that the law was so, contrary to the claim of the defendants, that it was the duty of the town "to make a road over or through snow drifts in the same line with that of the travelled path in summer," and "to make the winter road straight." The omission under the circumstances was calculated to mislead the jury to the prejudice of the defendants, which entitles them to a new trial.

In this opinion the other judges concurred.