OWEN R. HAVENS ET AL. *vs.* THE TOWN OF WETHERSFIELD.

First Judicial District, Hartford, March Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

Section 2674 of the General Statutes provides in substance, that if the county commissioners, after due notice and hearing, shall find that a town has neglected to keep any public road within its limits in good and sufficient repair, they shall order the selectmen to cause such road to be repaired.

In a hearing under this statute in the Superior Court, upon an appeal from the action of the commissioners, the plaintiffs, without objection, introduced evidence to show that the part of the highway of which they complained was in a worse condition than any of the other highways of the town. To rebut this the defendant was permitted, against objection, to give evidence of the condition of those other highways. *Held* that if the plaintiffs' evidence was irrelevant, as they now claimed, the evidence of the defendant must be regarded simply as neutralizing that, and therefore as not legally injurious to the plaintiffs; but that it could not be said, as a matter of law, that the plaintiffs' evidence was irrelevant, as the question of sufficient repair and neglect was a relative one, the solution of which might be aided by comparing the condition of the road in question with that of others similarly situated.

The question whether the highway is in "good and sufficient repair" must ordinarily be one of fact and not of law, and is not reviewable in this court.

Whether a town, under this section of the General Statutes, can be compelled to macadamize a road, *quœre.* The Superior Court was of the opinion that the county commissioners might require this in a proper case, if it was the only practicable method of accomplishing the object sought. *Held* that this view of the law was one of which the plaintiffs certainly could not complain.

[Argued March 3d—decided April 15th, 1896.]

APPEAL from an order of the County Commissioners of Hartford County adjudging that the town of Wethersfield had not neglected to keep a certain highway within its limits in good and sufficient repair; taken to the Superior Court in Hartford County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered in favor of the town, and appeal by the applicants for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William J. McConville* and *Hugh O'Flaherty,* for the appellants (petitioners).

It is the duty of towns in this State to keep "in good and sufficient repair" all public highways within their respective limits at all times. *Beisiegel* v. *Town of Seymour,* 58 Conn., 50; § 2666, Rev. Statutes, 1888; 2 Dillon on Mun. Corp., § 683; Angell on Highways (2d Ed.), 299; 9 Amer. & Eng. Ency. of Law, 378; *Quincy* v. *Jones,* 76 Ill., 231. If a drain or other thing is necessary, it is the duty of the town to make or furnish it. Gen. Statutes, § 2683; *Beisiegel* v. *Town of Seymour, supra.* Macadamizing is a "repair" when it is the only practicable mode of keeping a public highway in a passable and safe condition. *New Haven* v. *Whitney,* 36 Conn., 376; *Todd* v. *Inhabitants of Rowley,* 8 Allen, 58; *Blood* v. *Bangor,* 66 Me., 154; *Congdon* v. *Norwich,* 37 Conn., 419; *Beisiegel* v. *Town of Seymour, supra.* The court erred in admitting testimony as to the condition of other roads than the road in dispute. 1 Rice on Evidence, 503, 504; *Shurtliff* v. *Parker,* 130 Mass., 293; *Alexander* v. *Kaiser,* 140 id., 221; *McLeal* v. *Fish,* 158 id., 472; *Phelps* v. *Hunt,* 43 Conn., 200; *Bassett* v. *Shares,* 63 id., 43; *Bray* v. *Loomer,* 61 id., 462. The court's conclusion from the facts found is unwar-

ranted, and the appellants are not bound by said erroneous conclusions. *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn., 387; *Hayden* v. *Allyn*, 55 id., 289; *Sessions* v. *Newport*, 23 Vt., 12; *Bailey* v. *Whitman*, 49 Conn., 80; Angell on Highways (2d Ed.), 299.

*George P. McLean*, for the appellee (respondent).

The court committed no error in permitting the appellee to contradict or rebut the testimony of the appellants as to the condition of other highways. *Barnes* v. *The State*, 20 Conn., 253. The question involved was purely a question of neglect on the part of the defendant town. There are cases where the law fixes the standard of duty, and in such the concluding facts, as found by the trial court, may be questioned. But in the case at bar, the question being, as the appellants state it, one of "reasonable repair" and "reasonable safety under the circumstances," this case comes within the rule laid down by this court in *O'Neil* v. *East Windsor*, 63 Conn., 153, 154. The practical difficulties in the path of the appellants are numerous and enormous. Can this court classify varieties of clay, and fix the depth of mud or frost to be allowed or prohibited? The depth of mud would depend upon the depth of frost, and both depend upon the weather. There is absolutely nothing in the character and condition of the highway complained of, that could not and would not be said of all clay or loam roads when the frost is coming out.

TORRANCE, J. Under § 2674 of the General Statutes, the plaintiffs brought a petition to the county commissioners of Hartford county, asking for an order to the selectmen of Wethersfield to repair a certain highway in that town. After due hearing the county commissioners found and adjudged that the town had not neglected to keep the highway in repair, and dismissed the complaint. The plaintiffs then appealed the matter to the Superior Court under the statute, and that court upon a review of the doings of the county commissioners, and after a full hearing of all the parties, also

found that the town had not neglected its duty in the premises, and ratified and affirmed the decision of the county commissioners; and from this decision of the court below the present appeal is taken.

The reasons of appeal are four in number, but the first two, concerning the admission of testimony, relate to one and the same matter, and really constitute but one reason of appeal.

On the trial in the Superior Court the plaintiffs, without objection, introduced evidence to show that the part of the highway of which they complained was in a worse condition than any of the other highways of the town. To contradict or rebut this evidence, the town was permitted, against the objection of the plaintiffs, to introduce testimony relative to the condition of those other highways. The plaintiffs now claim that the evidence which they thus offered of the condition of other highways was irrelevant, and therefore the evidence in rebuttal was irrelevant and should have been excluded on objection.

If this claim is conceded, the record does not show how the plaintiffs could have been legally harmed by the ruling of which they now complain; because from the record as it stands, the evidence objected to must be held to have simply neutralized the effect of the irrelevant evidence which the plaintiffs ought, if their claim is correct, to have withdrawn *Barnes* v. *The State*, 20 Conn., 254.

But upon this record as it stands we are unable to say that the testimony offered by the plaintiffs relating to the condition of other roads was irrelevant. In a proceeding of this kind the question whether a road is in good and sufficient repair, and whether a town has been guilty of neglect in allowing it to remain in a certain condition, is a relative one, the solution of which may be assisted by comparing the condition of the road in question with that of others similarly situated; at least we cannot lay it down as a general rule that testimony of this kind can never be relevant and admissible. The record fails to show that the testimony offered by the plaintiffs upon this point was irrelevant,

and thus fails to show that the ruling complained of was erroneous.

In the third reason of appeal the claim is made that the conclusion reached by the court, that the highway was in good and sufficient repair, was a conclusion of law which can be reviewed by this court. Upon the present record we think this claim cannot be sustained.

Section 2674 of the General Statutes, under which the petition was brought, provides in substance that when a town "shall neglect to keep any public road within such town in good and sufficient repair," the county commissioners, upon the proper statutory proceedings, finding such neglect, shall order the selectmen of the town to cause such road to be repaired. The principal question, therefore, to be determined upon a proceeding of this kind before the commissioners or the Superior Court, is whether the highway described in the petition is or is not in good and sufficient repair; and that question, from the nature of things, must ordinarily be a question of fact and not of law. *Congdon* v. *Norwich*, 37 Conn., 414, 418; *Howe* v. *Ridgefield*, 50 id., 592–596. In the case at bar the Superior Court found that the highway in question was "in good and sufficient repair." That conclusion seems to be reached from a great variety of subordinate facts and circumstances which are detailed in the finding. In reaching it, the record shows that the court sustained all the claims of law expressly made by the plaintiffs relative to the nature and extent of the duty imposed by law upon the town to make repairs upon the highway; and it nowhere appears that in reaching such conclusion the court committed any error of law with reference to the duty cast upon the town. Under these circumstances and upon this record, we are of opinion that the conclusion in question is one which cannot be reviewed by this court.

In its finding the court in substance says: that the muddy condition of this road in the spring-time, of which the plaintiffs complain, can be completely remedied only by a system of underdraining and macadamizing; and further, that "the macadamizing of a highway may seem to be rather in the

nature of an improvement than of repair simply." In the fourth and last reason of appeal the plaintiffs complain of the above remarks. Their claim seems to be that these remarks indicate that the court below held that it was not the duty of the town under any circumstances to macadamize the road; and they say this was an erroneous view of the law which materially affected the decision of the case. Whether, under the section upon which this proceeding was brought, a town can be compelled to macadamize a road, is a question not now before this court, and upon it no opinion is expressed. The court below, however, did not hold the opinion thus attributed to it; for in the record the court says: "When, however, macadamizing is the only practicable method of accomplishing the object sought, it would seem that there can be no good reason why, in a proper case, an order for it should not be made by the county commissioners." This view of the law is certainly one of which the plaintiffs have no reason to complain.

There is no error.

In this opinion the other judges concurred.