HATTIE L. ROBINSON, Respondent, v. THE TOWN OF SOMERS,
WESTCHESTER COUNTY, N. Y., Appellant.

Second Department, December 12, 1919.

Town — highways — negligence — failure to cut passage through
    drifted snow in center of highway — injury to automobilist by
    driving into snowdrift — evidence not justifying recovery.

It is not negligence nor does it constitute an actionable "defect" under
    section 74 of the Highway Law for a town superintendent, when clearing
    a country highway from drifted snow, to cut a passage which does not
    lie precisely in the line of the middle of the macadam road, but is partly
    on the macadam and partly on the dirt surface, where he cleared sufficient
    room for two wagons to pass.

Hence, the town cannot be held liable for damages where the plaintiff's
    husband, while driving an automobile after dark on a foggy evening at a
    speed of from twelve to fifteen miles an hour, ran into the drift by keeping
    to the middle of the road.

RICH, J., dissented, with opinion.

APPEAL by the defendant, The Town of Somers, Westchester
County, N. Y., from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of Westchester on the 20th day of January, 1919, upon the
verdict of a jury for $1,000, and also from an order entered in
said clerk's office on the same day denying defendant's motion
for a new trial made upon the minutes.

This action was brought to recover damages for personal
injuries occasioned by an Overland touring car running into
a snowdrift about six P. M. of January 26, 1916. This bank of
snow projected into the highway which leads from the town
of Somers to Goldens Bridge, in said county. At this point
the macadam roadway is about fourteen feet wide. The snow-
bank or drift projected about eight feet into this roadway
from the right side. The night was foggy. Where it was
struck by the car, the snow was from twenty to twenty-two
inches deep. The lights of the automobile failed to disclose
this drift, so that when the automobile fetched up against it
such sudden stoppage from a speed of twelve to fifteen miles
an hour first threw plaintiff forward against the windshield
and by the rebound back against the car seat, causing the

injuries which are the subject of this suit.    Plaintiff's husband, who drove this car, did not see the snowbank before the car ran into it.    The town superintendent testified to a blizzard in December that produced drifts which blocked some of the roads for several days; that prior to this accident he had superintended opening up roads in the district, including this road, which road had been cleared by a snow plow with horses, and a gang of men; that in such breaking out the roads are made passable, but such opened way is not necessarily broken out straight; that at the place of this accident there was room to pass this drift for two wagons, one on the cleared macadam and the other off this macadam on the dirt.    The witness passed this snowbank almost daily.    In the husband's action for loss of service, the jury rendered a verdict for defendant.    In this action the plaintiff had a verdict for $1,000.    Defendant also appeals from an order denying its motion for a new trial.

*R. E. Digney* [*John M. Digney* with him on the brief], for the appellant.

*Frederic S. Barnum,* for the respondent.

PUTNAM, J.:

This accident occurred some time after the snowstorm causing these drifts.    The usual manner in breaking out after heavy snowfalls, as is testified, was not to keep to the middle line of the traveled way, but, where snow accumulations encroached over the margins and into the normal roadway, the cleared way sometimes diverged toward the side, leaving a path safe and convenient but not precisely in line with the laid macadam surface.    We are not referred to any authority holding it to be negligent for the line of winter travel to be temporarily deflected from that of summer travel, or that such windings or divergences may be an actionable " defect " under section 74 of the Highway Law (as amd. by Laws of 1913, chap. 389).    (See *Seeley* v. *Town of Litchfield,* 49 Conn. 134; *Willey* v. *City of Ellsworth,* 64 Maine, 57.)

Rural vehicles have no difficulty in traversing such country roads.    Had it not been for thick fog and a speed of twelve to fifteen miles an hour, this motor car would doubtless have

turned aside and passed in safety. The duty of town superintendents or commissioners of highways and pathmasters is to use ordinary care; that is, such as a reasonable and prudent person would exercise in similar circumstances. (*Lane* v. *Town of Hancock,* 142 N. Y. 510; *Hubbell* v. *City of Yonkers,* 104 id. 434; *Dorn* v. *Town of Oyster Bay,* 84 Hun, 510.)

Tested by these standards, actionable neglect was not shown. The verdict must be held to be against the weight of the evidence; and the finding of defendant's negligence, implied in the verdict, should be reversed.

Therefore, this judgment and order should be reversed and a new trial granted, with costs to abide the event.

Jenks, P. J., Kelly and Jaycox, JJ., concurred; Rich, J., read for affirmance.

Rich, J. (dissenting).

The jury have found that the defendant failed to use ordinary care, and I agree with them. There are times when it is impossible to keep highways clear of snow and ice or even to make them passable by the use of ordinary care, but this was not one of them. It is conceded that town authorities in rural districts are not required to remove accumulations of snow from the highways, but there are times when, as in the case at bar, the exercise of reasonable care might require that some attempt be made to remove a single obstruction. This snowbank drifted into the highway December 13, 1915, and was permitted to remain until January 26, 1916, the night of the accident; there was no snow upon either side of the obstruction, plaintiff had come over this State highway from Connecticut and had seen none until the automobile plunged into this drift.

The jury knew that had the town authorities turned this snowdrift over with a plow and given sun and wind an opportunity to work upon it, the accident might have been avoided. I must vote for affirmance of the judgment and order, with costs.

Judgment and order reversed and new trial granted, with costs to abide the event.