ELSIE PENDLEBURY *vs.* CITY OF BRISTOL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued February 6th—decided April 3d, 1934.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*Thomas F. McDonough,* with whom was *Edward D. O'Brien,* for the appellee (plaintiff).

HAINES, J.   The finding shows that at about half past two in the afternoon of December 27th, 1932, the plaintiff was operating a light sedan automobile from her home in Plainville, westerly toward Bristol, on a public highway known as Pine Street.   The day was clear and cold and the roadway dry.   She had passed out of the limits of Plainville when she met some boys in the roadway, sounded her horn, reduced her speed, turned her car to the extreme right side of the highway and passed them.   She then turned back toward the center of the road, and thus proceeding about twenty-five miles per hour, the left front wheel of her car dropped into a hole near the left center of the road causing her to lose control of the car, which went down the bank to the left and struck a telephone pole, resulting in serious injuries to her.   She had not been over the road for several months and did not know

of the existence of the hole and saw it for the first time too late to avoid it by the exercise of reasonable care.

The appellant by its assignment of errors contends that there was no evidence upon which to base the finding that the wheel struck a hole in the location referred to, causing the plaintiff to lose control of the car and crash into the telephone pole. She testified directly to the facts as found and her testimony is not without support from other sources. It was the province of the trial court to determine her credibility and the truth of these claims, and after a careful examination of the entire record we find no just reason to hold the conclusion erroneous.

The finding further shows that the hole was on the southerly edge of the center of the roadway and that it was about two feet long and approximately the same width, and three to four inches deep, and "ravelled" at the edges; that it had been there four to six weeks and was of a character which would have made it easily observable by any reasonable inspection of the highway. Several witnesses who had traveled that highway and were acquainted with the locality, always drove to one side or "straddled" the hole to avoid striking it. These findings are the subject of assignments of error on the claim that they were found without evidence. There is direct testimony supporting most of them, and where there is a conflict of evidence concerning the rest, it was the province of the trial court to determine the truth. We can find no warrant in this record for disturbing the conclusions thus reached; there is ample evidence, if believed, as it obviously was, to justify them.

The uncontested finding is that the highway was uneven and wavy, of a character known as "washboard," which caused automobiles to bump up and down when going over it; that it was the duty of a

certain officer of the police department of the defendant to report defects in this highway, and that he passed over the road daily or oftener but made no report concerning the conditions existing there. It also appears that a photograph in evidence was taken within two or three days after the accident, at which time the hole had been filled. The highway department relaid a culvert in this road in November, 1932, and had oiled the road the previous August, and save as above indicated, it was not shown that any inspection of the road prior to the accident had been made to determine its condition.

There are two assignments for the refusal to find claimed facts. Whether, as contended, the defendant had received no notice or complaints of a defective condition before the accident, is dependent, inferentially at least, upon conflicting evidence, since it is conceded the officer was passing over the road at least daily. *Cummings* v. *Hartford,* 70 Conn. 115, 121, 122, 38 Atl. 916. However, the length of time the hole had existed was such that notice might be imputed to the defendant even though it had not received actual notice. Nor can we add as a fact that the police officer of the defendant found no holes upon a visit to the scene the afternoon of the day following the accident. The finding of the court that the hole was there must stand, and the evidence supporting that finding might well justify the court in disbelieving the police officer.

That this hole might be found to constitute a defect in the highway within the meaning of General Statutes, § 1420, is not open to fair question. *Hewison* v. *New Haven,* 34 Conn. 136, 142; *Riccio* v. *Plainville,* 106 Conn. 61, 136 Atl. 872. It was a question of fact for determination by the trial court. *Congdon* v. *Norwich,* 37 Conn. 414, 418, 420.

It is urged that the defendant did not have constructive notice of the defect. The finding shows that the character of the defect was such that by ordinary diligence and care its existence could have been known to the defendant. *Meallady* v. *New London,* 116 Conn. 205, 209, 164 Atl. 391, 392; *Rogers* v. *Meriden,* 109 Conn. 324, 325, 146 Atl. 735. It had been there four to six weeks and was known to those who traveled that road, and it clearly appears that the defendant had full opportunity not only to learn of the defect but to repair it. *Cusick* v. *Norwich,* 40 Conn. 375, 377; *Boucher* v. *New Haven,* 40 Conn. 456, 460; *Cummings* v. *Hartford,* 70 Conn. 115, 123, 38 Atl. 916; *Smith* v. *Milford,* 89 Conn. 24, 33, 92 Atl. 675.

It is also claimed by the defendant that the hole in question was not the proximate cause of the plaintiff's injuries. The defendant's argument seems to ignore the fact that the trial court determined the location of the hole; that the drop of the left front wheel of the car into this hole caused the plaintiff to lose control of the car, which for that reason went off the road and against the telephone pole. There is no support in the established facts for the defendant's claim that as the hole was a long distance from where the car went off the road, the chain of causation was broken. The testimony as to the exact location of the hole was conflicting. Upon a map offered by the plaintiff, guard rails were shown on each side of the highway, and two or three feet west of the west end of the southern guard rail, was a tree. Two witnesses testified that the hole in question was about twenty-five or thirty feet easterly of this tree, and one of them definitely located it by a patch on the highway which was shown on a photograph put in evidence by the plaintiff, which, so far as we can determine by the record before us and in connection with his other testi-

mony, was located about opposite the second or third post of the guard rail from its west end; and there was evidence from which the trial court might conclude that the posts supporting this guard rail were ten to twelve feet apart. While it is true that the photograph was offered for the limited purpose of showing trees, guard rails, width of the highway and the like, and not its surface condition, yet the defendant made no objection to its use for the purpose of designating the patch on the highway, by this witness. We cannot correct the finding of the trial court that the hole was located approximately twenty-four feet east of the west end of the southerly guard rail. Under the facts established, the injury was the direct and proximate result of striking the hole in the manner stated. *Davis* v. *Guilford,* 55 Conn. 351, 354, 11 Atl. 350.

Nor can we sustain the final contention of the defendant that the plaintiff was guilty of contributory negligence. She had not been over the road for several months and did not know the hole was there. She had turned to the extreme right side of the road in order to pass several boys who were in the roadway, and upon turning back toward the center of the road, hit the hole with the left front wheel of the car, seeing the hole momentarily before striking it but not soon enough to avoid it. She was not traveling at excessive speed, she had sounded her horn and evidently passed the boys with care; the road was wavy and bumpy, and we cannot say that, under these circumstances, the trial court was in error in holding that she was not negligent. In the absence of knowledge of the hole, direct or imputed, she had a right to assume that the road was reasonably safe for her use. While it was her duty to observe reasonable vigilance in noting defects in the highway, we cannot say that, under the

circumstances established, she failed in her duty in not seeing the hole in time to avoid it. *Lutton* v. *Vernon,* 62 Conn. 1, 11, 23 Atl. 1020, and cases cited.

There is no error.

In this opinion the other judges concurred.