NICHOLAS LaBELLA *v.* TOWN OF EASTON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 8—decided July 15, 1941.

*David S. Day,* with whom were *John C. Thompson* and, on the brief, *Howard L. Shaff,* for the appellant (defendant).

*M. J. Blumenfeld,* with whom were *William J. Mulligan* and, on the brief, *A. A. Lawler,* for the appellee (plaintiff).

JENNINGS, J.  The complaint sought recovery of damages, under General Statutes, § 1420, resulting from a defective highway, which was also alleged to be a nuisance.  In the view we take of the case it is unnecessary to consider the latter claim.

The finding may be summarized as follows: Westport Road runs east and west and, at the place where the accident occurred, is substantially straight.  Traveling easterly, the wayfarer ascends a moderate grade to a crest and then starts down a moderate slope.  Shortly after passing this crest, he encounters the west branch of Wilson Road entering from the south.  About one hundred feet further on he passes the east branch of Wilson Road.

Wilson Road is a narrow, dirt road at a lower level than Westport Road.  The branches referred to therefore drop off from Westport Road and meet a short distance to the south.  The defendant town, with state aid, applied an eight inch dressing of gravel to Westport Road in the fall of 1936.  This was oiled in the early summer of 1937, resulting in a hard black surface about sixteen feet wide.  Between the branches of Wilson Road, the hardened surface of the southerly edge of Westport Road was broken, leaving the gravel loose and exposed at a level somewhat lower than the hardened surface.  The sixteen foot width of the hardened surface at the west branch was thereby gradually reduced until at the east branch it was only fourteen feet wide.  In the southerly edge of Westport Road, and immediately west of the westerly edge of the east branch of Wilson Road, there was a sharp declivity, the downward slope of which was in the

direction of and terminated at the westerly edge of the east branch of Wilson Road. Its depth was from eight to ten inches and its surface was loose and rather coarse cobblestones and an outcrop of ledge with rather large stones sticking out. This condition was not readily visible to a motorist traveling east.

The plaintiff was a carpenter living in Middletown. He had been employed on the Merritt Parkway but had been laid off for a few days. On October 14, 1937, he drove to his place of employment, was instructed to report for work the next day and started home. At the suggestion of his superior, he followed the latter over this Westport Road, which he had not traveled before. He was driving alone in a Plymouth sedan. At about 5 p.m. he reached the crest in the road referred to above and saw a White dump truck approaching from the east. The truck was seven and one-half feet wide at the rear wheels. The plaintiff was traveling thirty to thirty-five miles an hour and the truck about twenty-five miles. The plaintiff turned to his right to pass the truck and his right wheels left the hard surface and came upon the loose gravel. The vehicles passed just east of the west branch of Wilson Road. As the plaintiff was about to turn left, back onto the hard surface, his right front wheel dropped into the declivity described above. His car then went out of control, crossed the road and landed in a ditch against a rock on the north side about eighty feet east of the easterly edge of the east branch of Wilson Road. Skid marks showed that the plaintiff applied his brakes for some distance west of this point. The car was wrecked and the plaintiff seriously injured.

On these facts the trial court concluded that the plaintiff exercised due care, that the highway was defective and dangerous, that this defect was the sole

cause of the plaintiff's injuries and that the requirements of notice were met.

Fifty-eight corrections in this finding are sought and both the oral argument and brief show that this is the principal point of the appeal. Comparison of the evidence, including numerous photographs, with the finding, with the assistance of the careful analyses contained in both briefs, has led us to the conclusion that no material change in the finding can be made. The points principally stressed are the place where the car passed the truck, the character of the defect and the speed of the car. The defendant claimed the car passed the truck just west of the west branch and the court found that they passed just east of it. Even if the first point were taken, it would not necessarily affect the court's conclusion. The excellent photographs and the oral testimony fully support the finding as to the character of the defect. The course and distance traveled by the car, relied on by the defendant to prove undue speed, cannot be held as a matter of law to outweigh the definite estimate of his speed given by the plaintiff in connection with the evidence as to the speed of the car he was following. While it has been necessary to state the findings in some detail in order to understand the claims of the parties, the fundamental facts on which the court relied to support its conclusion were simple. The plaintiff turned out to pass a truck on a comparatively narrow road and before he turned back to the hard surface his right front wheel struck a defect which was not visible to him, threw the car out of control and he was injured as a result. The conclusion of the trial court was one it could reasonably reach.

As has been stated, the emphasis of the appeal is on the corrections sought in the finding. The claims of law of the defendant are therefore only briefly

noticed. The discussion of the facts disposes of the claim that the plaintiff was guilty of contributory negligence and that the defect was not the sole cause of the accident. As to the defendant's having had notice of the defect, the case of *Falkowski* v. *MacDonald*, 116 Conn. 241, 164 Atl. 650, relied on by the defendant, turned on the failure of the trial court to find that the defect had existed for any considerable period of time. Here the finding is that the defective conditions had existed about four to six months before the accident. *Pendlebury* v. *Bristol*, 118 Conn. 285, 288, 172 Atl. 216.

The most important issue is raised by the attack on the conclusion of the trial court, expressed in various ways, that the road was not reasonably safe for public travel. The principles which should guide the trial court in determining this question were concisely but comprehensively stated in *Congdon* v. *Norwich*, 37 Conn. 414, 418, and have been often repeated. The finding shows that these principles were considered by the trial court in this case. Thus the size of the problem facing the town, its tax revenue, the amount spent on roads and the location and character of the road in question are all detailed in the finding. While in one case (*Older* v. *Old Lyme*, 124 Conn. 283, 285, 199 Atl. 434) this court held that the subordinate facts showed the existence of a defect so slight that it could not reasonably have been found to be a defect and that therefore the town could not, as matter of law, be held liable, the question is usually one of fact for the trier under all the circumstances. *Congdon* v. *Norwich*, supra; *Nolan* v. *Mansfield*, 91 Conn. 542, 100 Atl. 438; *Pendlebury* v. *Bristol*, supra. The facts found place this case in the latter category and, while a contrary conclusion would not have been disturbed, we cannot hold that the trial court could not reason-

ably have reached the conclusion it did. *Congdon* v. *Norwich,* supra.

There is no error.

In this opinion the other judges concurred.