[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PURSUANT TO PRACTICE BOOK § 954ON MOTION TO WITHDRAW AS APPELLATE COUNSEL
On July 1, 1993, Juan Martinez was found guilty after a jury trial on two counts of sale of a narcotic substance in violation of § 21a-277a of the Connecticut General Statutes. A pre-sentence investigation was ordered. On September 3, 1993 Judge William P. Murray sentenced defendant to 12 years in the custody of the Commissioner of Corrections, execution suspended after 7 years and 5 years probation thereafter on each count, to run concurrently. From that finding and sentence defendant appealed on October 25, 1993 after defendant's motion for appointment of appellate counsel was granted by Judge JoAnne K. Kulawiz on October 4, 1993.
After reviewing the transcripts and law, counsel on April 15, 1994 filed a motion to withdraw accompanied by a Report to theCourt pursuant to Connecticut Practice Book § 951-953 concluding that an appeal would be wholly frivolous. Defendant was advised in open court of his right to raise, in writing, additional points in support of his appeal and was given until September 1, 1994 to do so. No writing was forthcoming from defendant.
This court concurs with appellate counsel that an appeal would be wholly frivolous and grants counsel's motion to withdraw. This court has reviewed the court transcripts from June 25, June 30 and July 1, 1993. The court is aware that the standard to be applied is a strict one. A determination that the appeal is unlikely to succeed or that it lacks merit is not CT Page 9924 sufficient. If any legal point is found to be arguable on its merits, the appeal is not frivolous, and counsel may not be permitted to withdraw. Anders v. California, 386 U.S. 738 (1967). The Connecticut Supreme Court has adopted this standard. State v.Pascucci, 162 Conn. 382, 385 (1971); Paulsen v. Manson, 193 Conn. 333,340 (1984).
This court reviewed each and every objection to testimony made by defendant and concludes that all rulings by the trial court were correct and most not unfavorable to defendant. Defendant had made a motion to acquit notwithstanding the verdict based on insufficiency of the evidence. This motion was denied by the trial court (T. 7/1/93 p. 67).
The underlying facts of the case that could have been found by the jury are as follows:
On the evening of September 4, 1991, Officer Rick Smolicz, a member of the Statewide Narcotics Task force, entered Morales Cafe, 274 Baldwin Street, Waterbury, CT with the intent of purchasing narcotics. T. 6/15/93 p. 22.
Other officers did not enter the premises but "covered" Smolicz from outside. T. 6/25/93 p. 23.
Upon entering Morales Cafe at about 10:30 p.m. Smolicz spoke in the bar to a person referred to by others as "Juan" or "Matador". T. 6/25/93 p. 26.
The officer told that person he was "looking for a good time" whereupon that person replied that he only had sixteenths. T. 6/25/93 p. 27.
Officer Smolicz told the person described as Juan that he wanted an "eight ball" or 1/8 ounce of cocaine and Smolicz agreed to a price of $150. Juan then went to the bathroom in the rear of the Cafe and returned with two plastic bags containing one sixteenth ounce of cocaine each which he exchanged with the officer for $150. T. 6/25/93 pp. 28 and 29.
At trial, on June 25, 1993, Officer Smolicz identified defendant Juan Martinez as the individual from whom he had purchased cocaine even though the last time he had seen defendant was in early 1992. CT Page 9925
Smolicz also testified that he purchased a "paper fold" containing cocaine from the same individual for $20 several minutes later on the same evening of the first purchase. T. 6/25/93 p. 32.
Officer Smolicz testified that he turned over the cocaine purchased to Detective Vincent DeRosa of the State Police. T. 6/25/93 pp. 35-37.
DeRosa, in turn delivered them to Detective Chamble who delivered the one paper fold and two plastic bags and contents to the State Toxicology Laboratory. T. 6/30/93 p. 3-4.
Chambles and DeRosa identified same as evidence.
Dr. Joel Milzoff, employed by The Connecticut Department of Health Services Toxicology Division testified that he examined and tested this evidence delivered by Detective Chambles and found that each contained the narcotic cocaine. T. 6/25/93 pp. 86-90.
At trial, defendant's attorney ably questioned the identification by Officer Smolicz of defendant Juan Morales. The question of the identification of defendant by a witness is one of credibility and reliability to be made by the jury. Adequate instructions were given concerning eyewitnesses testimony. T. 7/1/93 pp. 47-49. This appeared to be the major basis for Defendant's Motion to Acquit.
No issues reviewed by the court appear to be even arguable for an appeal. There appears to be only one substantive issue and that is of the trial court's instruction to the jury on "reasonable doubt"
While instructing the jury on the subject of reasonable doubt, the trial court stated:
 Now, absolute certainty, we know, in the affair of life is almost never attainable. And the law does not require absolute certainty to authorize a conviction. What it does require is that the guilt be established as charged beyond a reasonable doubt which is one, as I've already said, founded upon the evidence, one which you, as reasonable and prudent men and women, would be willing to act upon in the moreCT Page 9926 weighty and important matters related to your own affairs. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion.
 If, upon any reasonable hypothesis, the evidence warrants a construction favorable to the accused, he is entitled to it and must be given the benefit of it by you as his triers. Proof beyond a reasonable doubt means that the State must convince each juror to a subjective state of near certitude of the guilt of the accused. If you are not convinced in your mind to a mental state of near certitude of the guilt of the accused, then the State has not convinced you beyond a reasonable doubt. (emphasis added). T. 7/1/93, p. 32.
Trial counsel for the defendant did not take exception to the trial court's instruction. T. 7/1/93, p. 56.
Following a luncheon recess the trial court brought to the attention of both trial counsel that the language of his charge (emphasized above) "has been frowned upon by our State Supreme Court, and the preferable language would be one which would make you, as reasonable and prudent men and women, hesitant to act
upon in the more weighty and important matters relating to your own affairs." (emphasis added) T. 7/1/93, p. 59.
The trial court then inquired whether either party wished the court to recharge the jury using the preferred language. Trial counsel for both sides declined. T. 7/1/93, pp. 59-60.
The specific language in question in the instant case was more directly addressed by the court at State v. Smith, 210 Conn. 132
(1989). There the court concluded that it was "incongruous" to speak of being "willing to act upon" a doubt. The court also concluded that it was more consistent with the concept of reasonable doubt to use the "causing one to hesitate" phrase.State v. Smith, supra, 150.
Although the court went on to "disapprove", of the "willing to act" language employed by the trial court, it concluded that the inclusion of such language in an otherwise adequate charge did not constitute error. State v. Smith, supra, 150. CT Page 9927
The charge concerning reasonable doubt given in the instant case including the portion re "near certitude" if taken as a whole is more than adequate.
An important issue is of course whether there was sufficient evidence for a finding of guilt beyond a reasonable doubt. A thorough review was made of the transcripts of the trial testimony. The standard to be applied in reviewing sufficiency of evidence is whether after reviewing the evidence in the light most favorable to the prosecution any rational trier of facts could have found the essential elements proven beyond a reasonable doubt. State v. Amarillo, 118 Conn. 285 (1986). In this case there is no arguable claim that the state failed to produce evidence which, if credited, would permit the trier of fact, here, the jury, to find each element of each offense charged beyond a reasonable doubt.
A court receiving a request for permission to withdraw as counsel has the authority to appoint another attorney to review the record for non-frivolous issues. Paulsen, supra and Connecticut Practice Book § 955. I have reviewed and considered all possible claims of error and after a thorough reading of the trial transcript and report to the court by appellate counsel, I find that an appeal of this case is without merit and is wholly frivolous.
Accordingly, the motion for withdrawal of appearance filed by appellate counsel is granted and because of my findings as stated herein, I refuse to appoint new counsel to pursue defendant's appeal.
KULAWIZ, J.