SARAH OLDER *v.* TOWN OF OLD LYME.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 6th—decided May 5th, 1938.

*Arthur T. Keefe,* for the appellant (defendant).

*George J. Older,* for the appellee (plaintiff).

HINMAN, J. The only respect in which we find the record of the trial of this case vulnerable upon appeal pertains to conclusions, essential to support the judgment for the plaintiff, that the condition of that part of the sidewalk upon which the plaintiff fell was such that the defendant town is liable under the statute (General Statutes, § 1420) for failure to keep it in repair. To state as a legal proposition, even in general terms, what constitutes such a defect in a highway as will render a municipality liable because of injuries resulting therefrom is difficult, each case depending to a considerable extent upon its own peculiar circumstances. As good an approximation thereto as has been attained may be said to be that it is such an object or condition in, upon or near the traveled path as would necessarily obstruct or hinder one in its use for the purpose of traveling, or which from its nature and position would be likely to produce that result or injury to one so traveling upon it. *Riccio* v. *Plainville,* 106 Conn. 61, 63, 136 Atl. 872; *Hewison* v. *New Haven,* 34 Conn. 136, 142. A municipality is not an insurer against accidents occurring on its highways; its duty is not to make its streets and sidewalks entirely safe for users thereof, or even to exercise reasonable care to do so, but only to use reasonable care to make and keep them in a reasonably safe condition for travel. *Lovell* v. *Bridgeport,* 116 Conn. 565, 568, 165 Atl. 795; *Bjorkman* v. *Newington,* 113 Conn. 181, 184, 154 Atl. 346; *Meallady* v. *New London,* 116 Conn. 205, 209,

164 Atl. 391; *Petrelli* v. *New Haven,* 116 Conn. 144, 149, 163 Atl. 759; *Porpora* v. *New Haven,* 122 Conn. 80, 97, 187 Atl. 668. The question whether a highway is defective, the answer to which may depend on a great variety of circumstances, is in general one of fact but determination whether or not the facts found warrant, in law, the conclusions reached therefrom is open on appeal. *Congdon* v. *Norwich,* 37 Conn. 414, 418.

The finding states that the walk upon which the plaintiff fell is of concrete about fourteen feet in width, in front of a commercial building at Sound View in the defendant town. There is no curb at its edge, the sidewalk itself extending to the edge of the traveled portion of the adjoining highway. At the extreme outer edge there was "a hole or cavity in said walk about 2 inches in width and about 1 inch in depth." As the plaintiff and two other persons were walking abreast, with the plaintiff on the outside and at the edge of the sidewalk, she caught the heel of one of her shoes, fell, and sprained her ankle. While the finding does not state the length or shape of the so-called "cavity," photographs introduced by the plaintiff as exhibits, which are made part of the finding, show that it was triangular in shape, with the base at the outer edge, and indicate, by comparison with the width as found that it was not more than four to six inches in length and coming to a point at the inner extremity. These subordinate facts as to its size and shape and especially its location at the extreme outer edge of the walk, comparable to the curb in usual forms of construction, and where persons would not ordinarily be expected to travel are not such as, consonant with the foregoing principles, to support the conclusions imposing liability upon the town.

There is error, the judgment is set aside and the case

remanded to the Court of Common Pleas with direction to render judgment for the defendant.

In this opinion the other judges concurred.