GERTRUDE N. LINN, ADMINISTRATRIX (ESTATE OF
FRANCES F. LINN) *v.* CITY AND
TOWN OF HARTFORD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and CORNELL, Js.

Argued February 3—decided April 26, 1949.

*James D. Cosgrove,* assistant corporation counsel, with whom, on the brief, were *Franz J. Carlson,* corporation counsel, and *Frank A. Murphy,* assistant corporation counsel, for the appellant (defendant).

*Ufa E. Guthrie,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff had judgment based on injuries suffered by her decedent as a result of a fall on a highway. The defendant has not attacked the finding but claims that the subordinate facts do not support the conclusion and that the court erred in overruling its claims of law.

The accident occurred at the intersection of Asylum and High Streets, public highways of the defendant, near a public hotel entrance. Two white lines had marked a crosswalk across High Street, but the evidence failed to establish whether or not they had been worn away at the time of the accident. The crosswalk was slightly narrower than the prolongation of the north sidewalk on Asylum Street. There was a catch basin in the traveled surface of High Street and its southerly edge was within a distance of three inches from the north line of the crosswalk. There was no defect in the catch basin itself but the pavement had developed a hump about a foot south or southwest of the iron rim of the catch basin. Between that point and the rim the surface of the street was cracked, broken and depressed so that the rim protruded about an inch above the street surface adjoining it on its

southerly side. This condition had developed gradually over a period of a year or more. Plaintiff's decedent tripped over the iron rim while crossing with due attention to where she was going and was injured. Her death was not due to the accident. On these facts the trial court concluded that the plaintiff's decedent was in the exercise of due care, that the pavement was defective partly within and partly outside the crosswalk, and that the defendant had constructive notice and a reasonable opportunity to repair.

The brief of the defendant pursues three claims of error, but that relating to the due care of the plaintiff is without merit. To prove constructive notice the plaintiff relies on the finding: "The condition . . . had developed gradually over a period of a year or more." The defendant claims that this finding does not fix the time when the condition became an actionable defect with sufficient definiteness to prove constructive notice. The composition of the surface of the highway at this point is not specifically found, but the use of the word "pavement" and the fact that the intersection is in the center of Hartford is sufficient to establish that the street was constructed of some kind of hard surface. Ordinarily, an affirmative finding as to the existence of the defect before the accident is required. See *Burlant* v. *Hartford,* 111 Conn. 36, 37, 149 A. 132. The case at bar is, however, an illustration of the exceptional situation also referred to in the *Burlant* case as follows: "Inferences as to prior existence for a considerable time, which might arise from a condition necessarily more or less permanent or of slow development are not available in view of the uncontradicted evidence of the effect of frost upon the level of flag walks, especially at that particular season of the year." In view of the character of the pavement in question, the finding that the condition had de-

veloped gradually over a period of a year or more was sufficient to sustain the conclusion that the defendant had constructive notice.

The third claim is that the defect was so slight that, in its location outside of the crosswalk, it did not constitute a defect within the meaning of General Statutes, Rev. 1930, § 1420 (Rev. 1949, § 2126). Whether or not a condition in a highway constitutes a defect must be determined in each case upon the basis of its particular circumstances. No standard can be set by this court which would serve as a touchstone. The question in each case is primarily for the trial court to determine. We can find error only when the conclusion was one which the trier could not reasonably reach. *LaBella* v. *Easton,* 128 Conn. 268, 272, 21 A. 2d 926. The fact that a defect is in the course which a pedestrian would be likely to follow is an important consideration; *Alston* v. *New Haven,* 134 Conn. 686, 689, 60 A. 2d 502; and the trial court evidently found this to be so as regards the defect in this case. See *Smith* v. *Milford,* 89 Conn. 24, 32, 92 A. 675. The facts of this case bring it within these rules. *Older* v. *Lyme,* 124 Conn. 283, 199 A. 434, relied on by the defendant, declares (p. 284), as we have stated above, that each case must depend to a considerable extent upon its own peculiar circumstances. The existence of the defect in the *Older* case was held not actionable but on its facts it does not control the case at the bar.

There is no error.

In this opinion the other judges concurred.