DANIEL CHAZEN *v.* CITY OF NEW BRITAIN

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

350

Argued February 9—decided May 2, 1961

*Frank DeNezzo,* for the appellant (plaintiff).

*Paul J. McQuillan,* corporation counsel, for the appellee (defendant).

SHEA, J. The plaintiff brought this action to recover damages for injuries which he sustained as a result of a fall on a public highway in the defendant city. The first count of his complaint is based on what is now General Statutes § 13-11, which provides for the recovery of damages by a person injured by means of a defective road. The second count is based on nuisance. The court rendered judgment for the defendant and the plaintiff has appealed.

Grand Street in the city of New Britain runs in an easterly and westerly direction. It is an ac-

cepted street, although there is no record of the establishment of its street lines. A city block map, not intended to show these lines, indicates that the street is fifty feet wide. The paved surface for vehicular traffic is twenty-nine feet wide. There are no sidewalks or curbs in the area where the plaintiff fell. To the north and above the grade of Grand Street in this area, there is a public park. On a grassy embankment descending from the edge of the park to the street, there is a shallow concave trough or drain constructed of amesite about 34 inches wide and about 2.5 inches deep. The drain was made to carry surface water down the grade to a catch basin located at the edge of the street pavement. About five feet to the west of this drain, there is a parking space contiguous to the north edge of the paved surface of the street. Unmowed grass and weeds covered the space between the drain and the parking space. East of the drain, separated from the paved surface of the street by unmowed grass and weeds, there is a small area filled with cobblestones which are partially covered with amesite and which were placed there for drainage purposes and to prevent erosion. The paved surface of Grand Street and the parking space are maintained by the public works department of the city, while the park and the area to the north of the paved surface are maintained by the park department.

On July 14, 1956, about 12 o'clock noon, the plaintiff, who was not familiar with this section of New Britain, parked his car in the parking space. The passengers in his car got out and walked easterly along the paved surface of the street. The plaintiff left his car and started to walk easterly along the embankment and across the grass area. He stepped on the drain, his left leg buckled under him and he

fell to the ground, sustaining the injuries for which he has brought this action. The place where he fell was within the street limits. In taking the route he did, he chose to cross an area which was not intended for pedestrian travel. On these facts, the court concluded that the conditions existing on the street where the plaintiff fell did not constitute a defective road or a nuisance, and that the plaintiff himself did not exercise the care of a reasonably prudent person under the circumstances.

The plaintiff claims that the uncontradicted testimony of an expert witness was controlling on the court and that therefore certain facts should be added to the finding. A fact not contradicted does not necessarily become an undisputed fact which is required to be added to the finding. Practice Book § 397; *Corsino* v. *Grover,* 148 Conn. 299, 306, 170 A.2d 267. The trier is the final judge of the credibility of a witness and may disbelieve all or any part of his testimony. *Humphrey* v. *Argraves,* 145 Conn. 350, 355, 143 A.2d 432. The fact that the defendant produced no witness to contradict the testimony of the plaintiff's expert or that the expert's opinion was unchallenged did not make that opinion binding on the court. *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358. The finding is not subject to correction.

The court found that the conditions existing in the street where the plaintiff fell did not constitute a defect under the statute. Such a defect has been defined as follows: "Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway."

*Hewison* v. *New Haven,* 34 Conn. 136, 142; *Hay* v. *Hill,* 137 Conn. 285, 288, 76 A.2d 924. It is true that there may be situations where the source of danger, although situated without the way, is of itself so direct a menace to travel over the way and so susceptible to protection or remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a failure to exercise reasonable care to keep the highway reasonably safe. *Hay* v. *Hill,* supra, 289. But a municipality is not an insurer against accidents occurring on its highways; its duty is not to make its streets absolutely safe for the users thereof but only to exercise reasonable care to keep them in a reasonably safe condition for travel. *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 A. 434. Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances. Generally, the question whether a highway is defective is one of fact, depending on a great variety of circumstances, and this court will find error only when the conclusion is one which could not be reasonably reached by the trier. *Linn* v. *Hartford,* 135 Conn. 469, 472, 66 A.2d 115.

When our residential streets are laid out, it is common practice to provide space for purposes other than those of ordinary travel. These areas are still a part of the street, and the municipality is bound to use reasonable care to keep them in a reasonably safe condition for travelers, subject to the qualification that the duty resting on the city with regard to the maintenance of such areas and the duty resting on the traveler with regard to their use are quite different from the duties imposed with regard to a sidewalk or the traveled portion of the

street. The general proposition that the public is entitled to the free use of any part of a public street must be accepted with the qualification that certain portions of the street may, for the benefit and convenience of the public, be devoted to purposes other than travel. When this is done with due regard to making the traveled part of the street reasonably safe, the result is to warn travelers to take the ways provided and to segregate from general travel use the parts reserved. Since it is not intended that there shall be travel on such areas, travelers who leave the way provided for them and attempt to cross such areas may not assume that the areas are free from danger or unusual conditions, as travelers may do in the use of the traveled way. *Corcoran* v. *New Haven,* 108 Conn. 63, 66, 142 A. 569.

The attempt of the plaintiff to walk through the weeds and tall grass across the embankment, instead of using the traveled way, was not necessarily negligence on his part. He was bound, however, to make a reasonable use of his senses to ascertain the conditions of the ground and the area over which he was passing. The court found that he did not exercise the care required of him under the circumstances. The fact that the alleged defective condition was in a part of the street which a pedestrian would not be likely to use was an important consideration. *Alston* v. *New Haven,* 134 Conn. 686, 689, 60 A.2d 502. In view of the location, nature, composition and dimensions of the drain and all the other circumstances in this case, the court did not err in concluding that the condition of the highway where the plaintiff fell did not constitute a defect within the meaning of the statute and that his fall was due to his own failure to exercise reasonable care.

Under the second count, the plaintiff sought recovery in nuisance. The essential element of nuisance is a continuing inherent or natural tendency to create danger and inflict injury. *Carabetta* v. *Meriden,* 145 Conn. 338, 339, 142 A.2d 727. To constitute a nuisance in the use of land, it must appear not only that the condition by its very nature is likely to cause injury but also that the use is unreasonable or unlawful. *Beckwith* v. *Stratford,* 129 Conn. 506, 508, 29 A.2d 775; *DeLahunta* v. *Waterbury,* 134 Conn. 630, 634, 59 A.2d 800. It is also essential to liability that the existence of the nuisance was the proximate cause of the plaintiff's injuries and damage. Whether any of these essentials exist is ordinarily a question of fact. *DeLahunta* v. *Waterbury,* supra, 635. The conclusion of the trial court that the facts in this case did not constitute a nuisance cannot be disturbed.

There is no error.

In this opinion the other judges concurred.