STATE OF CONNECTICUT v. STANLEY STYFCO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 5-3889

Argued February 3—decided April 23, 1964

*Kevin T. Nixon,* of Seymour, for the appellant (defendant).

*George Jaser,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was found guilty of breach of the peace in violation of § 53-174 of the General Statutes, and in his appeal he has assigned error in the court's denial of requested changes in the finding and of a motion to dismiss after the state had rested its case. He also assigns error in the court's conclusion that upon all the evidence he was guilty beyond a reasonable doubt. "The denial of a motion to dismiss a criminal information has been repeatedly held to be not assignable as error." Maltbie, Conn. App. Proc. § 212.

We consider the first assignment of error of the defendant. He claims that he was refused the right to use the telephone, presumably to call an attorney. The court found that "all persons arrested including the defendant were permitted to make phone calls." The defendant contends that the evidence indicates that all persons arrested except himself were permitted to make telephone calls. The court refused to correct its finding in this respect. There was evidence that the police would allow any person detained at headquarters to make a telephone call. The court was not in error in denying the defendant's motion to correct the finding in this respect. The vital question, however, raised by the defendant in his motion to correct the finding is not concerned with the policy of the Milford police department but rather with whether he in fact requested the police to allow him the use of a telephone and whether such a request was denied. The only evidence that such a request was made is derived from the testimony of the defendant. The trial court refused to find that he had made such a request. An

appellate court has jurisdiction only in matters of law, and its power therefore to correct a finding is narrow. Maltbie, op. cit. § 155. A fact not contradicted does not necessarily become an undisputed fact which is required to be added to the finding. Practice Book, 1963, § 628 (a). The trier is the final judge of a witness and may believe all or any part of his testimony. *Chazen* v. *New Britain,* 148 Conn. 349, 352. "It is one of the important functions of the trier to determine the relative credit to be given to oral evidence. Otherwise false testimony would be a more serious factor in the administration of justice than it now is." *Allis* v. *Hall,* 76 Conn. 322, 340; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 541.

The defendant also assigns error in the court's refusal to find that the defendant was refused the right to furnish a bail bond. Since this was not an admitted fact, the court was within its right in refusing to make such a finding. Practice Book, 1963, § 628 (a); *Chazen* v. *New Britain,* supra. Although the foregoing discussion would be decisive of this assignment, it perhaps might be added that the record discloses that the defendant while at the police headquarters maintained that his name was John Doe. A person arrested on a criminal charge may maintain his silence even to the nondisclosure of his name; when, however, he does so or gives a false name for the purpose of concealing his true identity, the police are under no compulsion to accept a bail bond until his identity has been established. If it were otherwise, the police would have no means of tracing him if he failed to appear. The finding is not subject to correction.

The facts found may be summarized as follows: The attention of an officer of the Milford police department was attracted to the Chevrolet car in

which the defendant was riding because its engine was racing and it was rocking back and forth while being operated. This car was following another car, occupied by girls, at a distance of some three feet. The car was occupied by the defendant and four other young men. While the officer was writing out a warning ticket, boisterous and profane language was spoken by the occupants of the car, including four-letter words of a profane nature. Another officer of the Milford police department, in the meantime, had arrived to assist, and the defendant swore at him. The defendant was taken to police headquarters and with the other young men placed in a detention room, where they created a disturbance. The defendant, who gave "John Doe" as his name while being booked, was informed that the charge against him was breach of the peace.

The defendant's final assignment of error is that the court could not upon all the evidence find him guilty beyond a reasonable doubt. We have examined the evidence and find it ample to prove the defendant's guilt as charged beyond a reasonable doubt.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.