[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the ground that the defendant did not have a duty to maintain the area where the plaintiff allegedly was injured.
On March 21, 1991 the plaintiff, Linda Farrell, filed a single count complaint against Emil Frankel, Commissioner of Transportation of the State of Connecticut. The plaintiff alleges that she tripped and fell over a metal stud which was protruding from the ground at the intersection of the westbound exit ramp of Exit #2 of Route I-384 and Keeney Street in Manchester. The plaintiff alleges that her fall and resulting personal injuries were caused by the defendant's breach of his statutory duty in that the highway was not reasonably safe.
On August 23, 1991 the defendant filed an answer, thereby closing the pleadings.
On July 29, 1992 the defendant filed a motion for summary judgment, a supporting memorandum, an affidavit, and a copy of the plaintiff's deposition. The ground for the motion is that the defendant "had no duty to maintain the area where the defect was. . . ." (Defendant's motion for Summary Judgment, page 1).
On October 5, 1992 the plaintiff filed a memorandum in opposition to the motion for summary judgment. Two affidavits, and copies of excerpts of the deposition of Victor LaBarre, Transportation Maintenance District Manager for the State of Connecticut.
"The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact. . . ." Town Bank and Trust Co. v. Benson, 176 Conn. 304, 306, 407 A.2d 971 (1978). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984). CT Page 1299
The defendant concedes that General Statutes 13a-144
imposes a duty on him to maintain the state highways; however, the defendant argues that General Statutes13a-99a(c) provides that where a state highway and a town road intersect, the defendant only has a duty to maintain the traveled portion of the state highway. Hence, the defendant argues that for the defendant to be held liable, the plaintiff must show that the defect was located in the traveled portion of the state highway. The defendant argues that the plaintiff cannot make this showing, because in her deposition she states that the defect was located in a grassy area approximately two feet from the exit ramp and one foot from the sidewalk along Keeney Street. (Plaintiff's Deposition, pages 26-28).
The plaintiff argues that General Statutes 13a-119
requires the defendant to "maintain traffic control . . . signs . . . on state highways." Hence, the plaintiff argues that the defendant is under a duty to maintain signs. The plaintiff states in her affidavit that the metal stub appeared to be the remnant of a post which once held a sign.
In relevant part, General Statutes 13a-144 states:
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway . . . or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
In relevant part, General Statutes 13a — 99a(c) states:
 When a town road crosses or intersects a state highway right-of-way at grade level, the responsibility for maintenance of that portion of the town road from the edge of the state highway right-of-way to the edge of the traveled portion of the state highway shall remain with the town; and any liability for neglect or default of maintenance of such portion of the town road shall be in accordance with section 13a-149. (Emphasis added). CT Page 1300
The language of the statute provides that the town is responsible for the maintenance of portions of a town road. The statute does not address the issue of responsibility for the maintenance of areas located adjacent to the intersection of a town road and a state highway.
The defendant relies on Merola v. Burns, 21 Conn. App. 633,575 A.2d 1025 (1990). In Merola, the plaintiff's fall was caused by a defect in the roadway at the intersection of a state highway and a town road. Id., 639-40. The court applied General Statutes 13a-99a(c) in order to determine whether the state or the city of New Haven was responsible for the defect in the road. Id., 641.
The defendant relies on Merola for the proposition that "the commissioner has the duty to maintain only the traveled portion of the state highway." Id., 642. However, this statement refers to the allocation of responsibility under General Statutes 13a-99a(c) to the town, for maintenance of the portion of the town road from the edge of the state highway right-of-way to the commencement of the traveled portion of the state highway, and to the state, for maintenance of the traveled portion of the state highway. Id., 642.
The court in Merola properly applied 13a-99a(c) to a defect located in the road; however, the factual circumstances of the present case differ in that the defect was not located in the road.
The conclusion that General Statutes 13a-99a(c) does not address responsibility for the maintenance of areas located adjacent to the intersection of a town road and a state highway is implicitly supported by Urbanucci v. McLellan, 5 CTLR 100 (October 3, 1991), Hennessey, J.). In Urbanucci, the plaintiff alleged that she was injured in an accident, and that the accident was caused, inter alia, by the defendant Commissioner of Transportation's failure to remove tree limbs and branches which obstructed the plaintiff's view of a stop sign located in the state right-of-way at the intersection of a town road and a state highway. Id., 100-01. In his motion for summary judgment, the defendant Commissioner argued that pursuant to13a-99a(c), the town, not the state, had the duty to CT Page 1301 maintain the sign. Id., 101. The court denied the motion, holding that questions of material fact remained unresolved concerning the Commissioner's duty to maintain the sign. Id., 102. While the court in Urbanucci did not directly state that 13a-99a(c) does not address responsibility for the maintenance of areas located adjacent to town road/state highway intersections, the court was not persuaded that13a-99a(c) relieved the defendant of the duty to maintain such areas.
For the reasons discussed above, we conclude that in the present case General Statutes 13a-99a(c) does not relieve the defendant of the duty to maintain the area where the plaintiff alleges that the defect was located.
A highway defect does not "have to be on the actual traveled portion of the highway." Baker v. Ives, 162 Conn. 295,299, 294 A.2d 290 (1972). "Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances. Generally, the question whether a highway is defective is one of fact, depending on a great variety of circumstances. . . ." Chazen v. New Britain,148 Conn. 349, 353, 170 A.2d 891 (1961). Even where the plaintiff is injured in a part of the highway which is not intended for travel, factual issues exist regarding whether the defendant exercised reasonable care to keep the areas in a safe condition. Id., 353-54.
We find that genuine issues of material fact exist regarding whether the condition of the highway constituted a defect. Accordingly, the defendant's motion for summary judgment is denied.
M. Hennessey, J. CT Page 1302
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1303