[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In their amended complaint of June 24, 1992, the plaintiffs, John and Bernadette Garrity, sued the defendant, Town of Prospect, to recover for injuries allegedly sustained by their ward, David Garrity (hereinafter referred to as "Garrity"), when his car struck a guardrail on Terry Road in Prospect. The plaintiffs seek damages under General Statutes 13a-149, the defective highway statute, and on the grounds that the guardrail was an inherently dangerous condition. The complaint alleges that on December 6, 1986, at approximately 1:30 a.m., Garrity was travelling south on Terry Road in the Town of Prospect. Garrity's car crossed from the southbound lane over the northbound lane and struck a guardrail along the side of the road. The guardrail pierced the car, striking Garrity in the head. The plaintiffs allege that CT Page 5241 Garrity's injuries were caused by the guardrail in that it was "improperly placed and/or installed along said roadway, in the area of a drainage ditch and/or culvert along said highway." (Plaintiffs' amended complaint, para. 5). The plaintiffs further allege that the guardrail was not curved down toward the ground and the end of the guardrail was not placed in the ground and the guardrail was an inherently dangerous condition.
After answering the complaint, the defendants have a filed a motion for summary judgment. The defendant contends that the plaintiff cannot, as a matter of law, meet the burden of proving that the alleged highway defect was the sole proximate cause of Garrity's accident and resulting injuries because Garrity was contributorily negligent in the following ways: (1) he left his own lane and crossed the northbound lane before leaving the highway and thus violated General Statutes 14-230 (requiring drivers to stay in their own lane) and the violation of this statute is negligence per se; (2) there were no witnesses to the accident and Garrity does not remember it; and (3) Garrity's blood alcohol level, which was taken at the hospital after the accident, was .232. The defendant argues that these factors prevent the plaintiffs from proving that Garrity was not contributorily negligent.
The plaintiffs contend that: (1) the defendant has produced no evidence to show what caused Garrity's car to leave the road, whether it was Garrity's negligence or some other cause; (2) the defendant has failed to present any sworn affidavits; (3) the guardrail is a safety feature to prevent cars from going off the road and it should not be defectively designed to pierce a car and its driver; and (4) the plaintiffs' expert will testify that even if Garrity was negligent in allowing his car to go off the road, that negligence was in no way the cause of, nor did it contribute to, his injuries.
General Statutes 13a-149 provides in part: "Any person injured in person or property by means of a defective road or bridge may recover from the party bound to keep it in repair. . . ." To recover under this statute a person must prove among other things that:
 . . .(4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence.
CT Page 5242
Lukas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981).
"Our Supreme Court has defined a highway defect as `[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon. . . .'" Sullivan v. Norwalk,28 Conn. App. 449, 453, 612 A.2d 114 (1992), quoting Sanzone v. Board of Police Commissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991). "Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances. Generally, the question whether a highway is defective is one of fact, depending on a great variety of circumstances. . . ." Chazen v. New Britain, 148 Conn. 349, 353, 170 A.2d 891 (1961). "Even where the plaintiff is injured in a part of the highway which is not intended for travel, factual issues exist regarding whether the defendant exercised reasonable care to keep the areas in a safe condition." Farrell v. Frankel, 8 CSCR 224, (February 1, 1993, Hennessey, J.) citing Chazen, supra, 353-54.
Also the "issue of proximate cause is ordinarily a question of fact for the trier." Tetro v. Stratford, 189 Conn. 601, 605,485 A.2d 5 (1983); Doe v. Manheimer, 212 Conn. 748, 756,563 A.2d 699 (1989); Hall v. Winfrey, 27 Conn. App. 154, 158, 604 A.2d 1334
(1992). "It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; is, there is room for a reasonable disagreement the question is one to be determined by the trier of fact." (Citations omitted.) Doe, supra, 757.
Summary judgment is appropriate only when "the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Practice Book 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
Here the defendant has not met it's burden of proving that there are no genuine issues of material fact or that it is entitled to summary judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is denied.
McDONALD, J. CT Page 5243