[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action against the defendants George A. Tomasso Construction Corp. ("Tomasso") and Emil Frankel, Commissioner of Transportation, State of Connecticut ("commissioner"), seeking to recover damages for injuries the plaintiff sustained in a motorcycle accident. The plaintiff alleges that while operating his motorcycle on Route 322 in Wolcott, he struck a rock which had rolled into the traveled portion of the highway from the excavated embankment adjacent to the roadway.
The plaintiff alleges that Tomasso negligently constructed the embankment during a construction project contracted out by the commissioner. The third count, which is directed against the commissioner, asserts a cause of action based on a highway defect under General Statutes § 13a-144. The plaintiff alleges that the accident was caused by the commissioner's (1) failure to require Tomasso to follow the plans and specifications of the construction contract; (2) failure to recognize that an inadequate distance existed between the embankment and the travelled portion of the highway; (3) failure to recognize that rocks imbedded in the embankment would loosen and roll onto the travelled portion of the highway; and (4) failure to plant vegetation or erect barriers to prevent such rocks from rolling onto the roadway.
The commissioner has moved to dismiss the complaint as against him on the ground that the plaintiff has not properly alleged a highway defect under General Statutes § 13a-144
and, therefore, the plaintiff's action is barred by the doctrine of sovereign immunity.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be CT Page 5751 heard by the court.'" Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
 "[I]f a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted," a motion to strike is required. . . . A motion to dismiss, by contrast, "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."
(Citations omitted.) Gurliacci v. Mayer, supra, 218 Conn. 544.
 [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . We also have recognized that the state can consent to be sued and that "[t]he state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of [§ 13a-144]." . . . Therefore, when a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity.
(Citations omitted.) Amore v. Frankel, 228 Conn. 358, 364-65,636 A.2d 786 (1994).
As noted, the commissioner argues that the plaintiff's complaint fails to allege a highway defect and, therefore, does not properly allege an exception to the doctrine of sovereign immunity. The commissioner argues that the only defect alleged in the plaintiff's complaint is the condition causing the rock to fall into the street, not the presence of the rock in the street. Therefore, the commissioner argues that the complaint fails to allege a legal highway defect, i.e. "`[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result.'" Comba v. Ridgefield, 177 Conn. 268,270, 413 A.2d 859 (1979), quoting Hewison v. New Haven, 34 Conn. 136, CT Page 5752 142 (1867).
The commissioner relies on Amore v. Frankel, supra, 228 Conn. 358, in support of the proposition that the failure to allege a legally sufficient highway defect under § 13a-144 deprives the court of subject matter jurisdiction and is properly raised by a motion to dismiss. In Amore v. Frankel, supra, however, the supreme court held that a claim based on § 13a-144 was properly dismissed for lack of subject matter jurisdiction because the defendant's motion to dismiss established that the defendant had no legal duty to maintain the area of the accident. The defendant commissioner in that case had submitted uncontested affidavits in support of its motion to dismiss indicating that the area of the alleged injury was not part of the state highway system and, therefore, the defendant had no legal duty to maintain the area for the purposes of General Statutes § 13a-144. The court held that because the plaintiff failed to offer evidence in opposition to the defendant's affidavit, the trial court did not have to presume the validity of the allegations in the plaintiff's complaint and could consider the assertions in the affidavits to decide the jurisdictional issue, i.e., that the defect was not in a state highway. Therefore, the motion to dismiss was properly granted because the plaintiff's claim did not fall within the statutory exception to sovereign immunity provided by General Statutes § 13a-144.
In the present case, however, the commissioner seeks only to test the sufficiency of the allegations relating to the defect and does not assert that the area of the accident was not within the state highway system, nor has the commissioner submitted any affidavits contesting the allegations of the complaint.
 Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances. Generally, the question whether a highway is defective is one of fact, depending on a great variety of circumstances, and this court will find error only when the conclusion is one which could not be reasonably reached by the trier. Linn v. Hartford, 135 Conn. 469, 472, 66 A.2d 115.
(Emphasis added.) Chazen v. New Britain, 148 Conn. 349, 353,170 A.2d 891 (1961); see also Baker v. Ives, 162 Conn. 295, 300,294 A.2d 290 (1972). "Whether a highway is defective may involve issues of fact but whether the facts alleged would if true, CT Page 5753 amount to a highway defect according to statute is a question of law which may be determined on a motion to strike." Sanzone v.Board of Police Commissioners, 219 Conn. 179, 201, 592 A.2d 912
(1991); see also Comba v. Ridgefield, 177 Conn. 268, 413 A.2d 859
(1979) (issue of whether dangerous condition constituted "defect" under § 13a-144 determined by a motion to strike (demurrer)). Although the issue of whether the commissioner had a duty to a maintain the area in which the accident occurred is jurisdictional and, therefore, may be decided on a motion to dismiss; Amore v. Frankel, supra, 228 Conn. 369; the issue of whether the conditions in a highway constitutes a defect is a question of fact for the trier. Chazen v. New Britain, supra,148 Conn. 353. Accordingly, the issue of whether the allegations of the complaint, if true, constitute a defect is a question of law properly raised by a motion to strike. Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 201. In the present case, however, the commissioner improperly seeks to test the sufficiency of the allegations of a defect by way of a motion to dismiss. Therefore, the commissioner's motion to dismiss is denied.
WILLIAM J. SULLIVAN, J.