[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Mrs. Baranowsky, is a property owner in CT Page 13246 Waterbury who has sued the city for damages arising out of the overflow of the sewage system serving her home on November 13 and December 24, 1994. In seven counts she has asserted several bases of liability, and the city has moved for summary judgment on all counts.
First I must address the propriety of the remedy sought by the city. The city has admitted that it constructed and maintained the sewage system, and that sewage overflowed into Mrs. Baranowsky's home on the dates in question. Beyond that, it has denied all the operative allegations of her complaint. Thus, there are factual issues galore between the parties, and summary judgment is available only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law". P.B. § 17-49. It is well established, however, that "(t)he proper way to have tested the legal sufficiency of the complaint would have been . . ., after an answer had been filed, by a motion for summary judgment pursuant to Practice Book 303, "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.". . ." Boucher Agency. Inc. v. Zimmer,160 Conn. 404, 409 (1971). "A material fact is a fact that will make a difference in the result of the case. . ." United ServicesAutomobile Assn. v. Marburg, 46 Conn. App. 99,103 (1997). If a complaint, or individual counts thereof, is legally insufficient, disputes as to the facts underlying the plaintiff's claims will not make a difference in the result of the case and are not "material". Therefore, although the city might have challenged the legal sufficiency of the complaint by a motion to strike, its choice of a motion for summary judgment now that the pleadings are closed is perfectly proper.
Count 1: Negligence
Count 1 alleges that the city negligently constructed, maintained and failed to repair the sewage system and knew or should have known of its propensity to flow into Mrs. Baranowsky's home and failed to prevent it. Relying on Williamsv. City of New Haven, 243 Conn. 763 (1998), the city argues that these claims are barred by governmental immunity, which it has plead as a special defense.
Although Mrs. Baranowsky has not specifically plead § 52 557n, C.G.S., as the basis for this count, nowhere in Williams is CT Page 13247 she required to do so. "We first note that, throughout the entire course of this litigation, including the allegations of the complaint, the trial and this appeal, the plaintiffs have relied solely on their claim of common-law negligence on the part of the defendant. At no time have they advanced any statute as a basis for the liability of the defendant in this case." Id., 766. A requirement that Mrs. Baranowsky plead the statute as the basis of the city's liability would be too restrictive since § 52-557n "merely codified existing case law against municipalities, making municipalities liable for negligence, with some exceptions". Caman v. City of Stamford, 746 F. Sup. 248,249 (D.Conn. 1990).
Unlike the plaintiff in Williams, Mrs. Baranowsky has specifically advanced the statute as the basis for her claim of negligence in her response to the city's motion for summary judgment as to this count. Therefore, she is not relying solely on a common law negligence claim.
As the city acknowledges, Spitzer v. City of Waterbury,113 Conn. 84, 88 (1931), explicitly holds that the construction and repair of drains and sewers is a ministerial function for which a municipality is liable in negligence if it fails adequately to perform. Although Mrs. Baranowsky alleges negligence in the construction and repair of the system, the city claims that her deposition and the report of her expert show that her real claim is that the system was improperly designed, for which the city is not liable under Spitzer. "Whether the act complained of . . . is [discretionary] or ministerial is a factual question which depends upon the nature of the act complained of." Romano v. Cityof Derby, 42 Conn. App. 624, 629 (1996), quoting Couture v. Boardof Education, 6 Conn. App. 309, 311 (1986). Such a factual question is ordinarily one for the jury to resolve, and to prevail on a motion for summary judgment "(t)he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . ." Miller v. United Technologies Corp. ,233 Conn. 751-52 (1995). The materials submitted by the city do not sufficiently demonstrate that the plaintiff's only claim goes to the design of the system not its construction and repair. Accordingly, the motion for summary judgment is denied as to count 1.
Counts 2 3: Nuisance
CT Page 13248
Based on the same factual allegations as in count 1, Mrs. Baranowsky claims in counts 2 3 that the city has created both a private and a public nuisance. The Spitzer case, supra, affirms that a municipality's failure to properly design a sewage system can rise to the level of a nuisance for which a plaintiff can recover damages. Id., 89. Nowhere in her complaint, however, does Mrs. Baranowsky allege one of the essential elements of a nuisance cause of action, public and private; viz., that "the danger created (by the city's actions) was a continuing one".Tomasso Brothers, Inc. v. October Twenty-Four, Inc.,221 Conn. 194, 197 (1992). She alleges overflows on two discrete dates in 1994, not a continuing course of overflows. Therefore, the motion for summary judgment is granted as to counts 2 3.
Count 4: Defective Highway
Again based on the same conduct alleged in count 1, Mrs. Baranowsky alleges that the city has violated § 13a-649, C.G.S. Mrs. Baranowsky fails to allege that she was a "traveler" on the highway, an essential element of a claim under this statute. Frechette v. New Haven, 104 Conn. 83, 88 (1926). Nor has she alleged that the sewer system constituted a "defect" in the sense that it obstructed or hindered one in the use of the street upon which her home stands for the purpose of traveling, another element of a defective highway claim. Older v. Old Lyme,124 Conn. 283 (1938). See Librandi v. Stamford, Docket No. CV90-111346, judicial district of Stamford-Norwalk (March 20, 1991). The motion for summary judgment is granted as to count 4.
Count 5: Water Pollution Control
Section 22a-427, C.G.S., provides that "(n)o . . . municipality shall cause pollution of any of the waters of the state or maintain a discharge of any treated or untreated wastes in violation of any provision of this chapter". The type of injury claimed by Mrs. Baranowsky, a sewer backup into her basement, does not involve the pollution of any "waters" of this state, as that term is defined in the chapter of which § 22a-427 is a part, chapter 446k, nor a "discharge" of wastes, as that term is defined in the same chapter. Therefore, this count states no claim upon which relief can be granted, and the city's motion for summary judgment is granted as to it.
Count 6
CT Page 13249
Count 6 does not purport to state a cause of action. Restating the allegations of count 1, it simply expands the types of damages claimed as a result of the city's alleged negligence. No objection was interposed to this amendment when it was offered. The motion for summary judgment is denied as to count 6.
Count 7: Intentional Infliction of Emotional Distress
To state a claim for intentional infliction of emotional distress Mrs. Baranowsky had to allege "extremely outrageous" conduct on the part of the city, which the parties agree is an essential element of such a cause of action. In the first instance whether the city's alleged conduct rose (or sank) to this level is one for the court to decide. Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 18 (1991).
Even construing the facts alleged in the light most favorable to Mrs. Baranowsky, they simply do not add up to extreme and outrageous conduct as that term has been defined and applied. The city's failure to construct and maintain its sewage disposal system so as to prevent it from overflowing into Mrs. Baranowsky's home on the two occasions alleged, even if true, while no doubt upsetting and annoying, is not conduct "exceeding all bounds usually tolerated by a decent society." Mellaly v.Eastman Kodak Co., supra, 19. Accordingly, the motion for summary judgment as to count 7 is granted.
In sum, the motion for summary judgment is granted as to counts 2, 3, 4, 5 and 7 and denied as to counts 1 and 6.
BY THE COURT
Shortall, J.