[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9517
On March 3, 1995, at approximately 3:45 p.m., the plaintiff while holding a two year old child was walking on a sidewalk in front of 618 Arctic Street in Bridgeport, Connecticut, when she was caused to fall as a result of the cracked, broken and eroded section of the sidewalk. She suffered certain injuries, the most serious being a fracture of the right little finger which required surgery and the placement of two metallic pins. The parties were in conflict over the adequacy of notice under13a-149 and, assuming the notice was adequate, the question of liability. They decided to bifurcate the question of liability from the issue of damages.
The notice in this case sent to the defendant city on April 2, 1995, stated:
 "This is to advise you that Maria Rodriguez fell and was injured on March 3, 1995 at approximately 3:45 p.m., near 618 Arctic Street and more specifically in the broken, eroded and cracked area of the sidewalk as indicated in the circled area in the annexed photograph. She received a severe injury to the little finger and hand of her right master hand. She will commence an action for personal injury against the city because of her injury that was solely caused by the defective condition of the highway.
 If you desire and (sic) further details, she will be happy to cooperate."
Attached to that notice was a photocopy of a photograph taken on April 13, 1995 showing the area of the sidewalk marked with an "X" where the plaintiff fell. Sheidentified the doorway on the right side of the photo as 618 Artic Street.
The plaintiff further testified it was very cold outside, that she was wearing flat shoes, she was trying to be careful but fell anyway when her foot got caught in the cracked and eroded portion of the sidewalk. She had been holding the baby in her left arm so that when she fell she attempted to break her fall with her right hand. She further testified that she had lived in the area for the two previous years, had been on the sidewalk before and that the condition of the sidewalk as shown in the photo, plaintiff's exhibit A, a copy of which was attached to the notice, had existed all during that time.
The defendant does not deny that the sidewalk was within the street line so the only issue is notice and then liability. At trial the defendant objected to the photocopy of the photo of the area of the fall CT Page 9518 as not being part of the notice. Counsel stated he would supply authority for that position. He did not, so the court will allow the written notice with photocopy of the scene to be considered together as the notice.
Section 13a-149 requires that the notice indicate the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence. The section goes on to state:
 "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that the said town, city, corporation, or borough was not in fact mislead thereby."
There is no evidence here of an intention to mislead or that the defendant was in fact mislead. As was stated in Pajor v. Wallingford,47 Conn. App. 365 (1997)
 "The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party. . . . Rather the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . ."
Any fair review of the notice and accompanying photocopy of the area of the fall described the injury, the exact day and time of the fall, the place and cause of the fall. It clearly allowed the defendant to make an inspection of the area, to ascertain where the injury occurred and allowed it to make whatever investigation it wanted. The court finds that the notice complied with § 13a-149.
On the question of liability, our Supreme Court in Prato v. City of NewHaven, 246 Conn. 638 (1998), stated:
 "To prove a breach of statutory duty under § 13a-149, the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed, (2) that the defendant actually knew of the particular defect or that in the exercise of its supervision of the highways in the city it should have known of such defect, (3) that the defendant having actual or constructive knowledge of the defect failed to remedy it having had a reasonable time under all the circumstances to do so and, (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means the plaintiff must prove freedom from contributory negligence."
CT Page 9519
A highway defect within the meaning of the statute is when it is not reasonably safe for public travel. Older v. Old Lime, 124 Conn. 283
(1938). Any fair review of the plaintiff's description of the sidewalk in the area of her fall, along with a view of the photograph of the exact area of the fall which was attached to her notice, leads to the inescapable conclusion that the sidewalk was in a deplorable state — cracked, depressed, uneven and widespread. It had existed in that condition for two years before she fell. It is obvious from reviewing the photo that the deterioration was caused over time, had existed for a long time before the fall and the defendant knew of or should have known of its existence. It was in plain sight.
The court similarly has no problem finding the defective condition of the sidewalk the sole proximate cause of her fall and injuries. The plaintiff said she was trying to be careful and that she chose the center of the sidewalk to avoid its worse section near the curb and avoided the area nearest the buildings to avoid doorways or objects protruding from the buildings. The fact that she was carrying an infant can certainly not be held against her! Women carry babies when they walk on sidewalks and sidewalks should be safe and in reasonably good condition for them. This sidewalk was not. There is nothing in this record to suggest that the plaintiff was not in the exercise of due care or that she was not free from contributory negligence. There simply is no evidence that the plaintiff was negligent.
The court finds the issue of liability for the plaintiff and against the defendant.
 ____________________ GORMLEY, JUDGE