[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITY OF GROTON'S MOTION TO DISMISS #104
 FACTS
On May 18, 2001, the plaintiff, Susan Simpson, filed a six-count complaint on behalf of herself and the minor plaintiff, Eric Simpson, as his parent and next friend, against the defendants, Southern New England Telephone Co. (SNET Co.), Southern New England Telecommunications Corp. (SNET Corp.), SBC Communications (SBC), and the city of Groton (the CT Page 9545 city). Counts one (negligence), two (absolute nuisance) and three (negligent nuisance) are brought against SNET, SNET Corp. and SBC.[1]
Counts four, (negligence), five (absolute nuisance) and six (negligent nuisance) are brought against the city. Simpson is seeking damages for injuries allegedly sustained when the minor plaintiff, riding his bicycle on Soundbreeze Avenue in the Groton Long Point section of the city of Groton, collided with a guide wire "extending across the sidewalk/grassy area" that secures "SNET Pole No. 153" (Pole No. 153).
On June 29, 2001, the city moved to dismiss counts four, five and six on the ground that the court lacks subject matter jurisdiction because Simpson's exclusive remedy is pursuant to the highway defect statute; General Statutes § 13a-149; and Simpson failed to comply with the statute's notice requirement. In support, the defendant filed a memorandum of law and attached an uncertified copy of a letter of intent to sue, dated January 4, 2000, from Simpson's attorney to Debra Patrick, city clerk. On March 27, 2002, Simpson filed a memorandum of law objecting to the motion to dismiss.
 DISCUSSION
The city's argument that this suit falls under General Statutes §13a-149 and Simpson failed to comply with that statute's notice requirement raises subject matter jurisdiction. Ferreira v. Pringle,255 Conn. 330, 354, 766 A.2d 400 (2001). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Brackets in the original; internal quotation marks omitted.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Ganimv. Smith Wesson Corp., 258 Conn. 313, 326, 780 A.2d 98 (2001). "[I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Stepney Pond Estates, Ltd. v. Monroe, 260 Conn. 406,417, ___ A.2d ___ (2002).
To determine whether the court has subject matter jurisdiction in the CT Page 9546 present case, the court must first determine if this action falls under General Statutes § 13a-149, the defective highway statute. General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough. . . ."
Simpson alleges that the incident occurred in the side/walk grassy area on Soundbreeze Avenue in the city of Groton and that the city, through its department of utilities, is responsible for the installation and maintenance of Pole No. 153 and its guide wire. Simpson further alleges that "the pole and guide wire had a natural tendency to create danger and inflict injury upon persons; said danger was continuing; . . . use [of the pole] was unreasonable or unlawful; and . . . misuse [of the pole] was a proximate cause of the [minor] plaintiffs injuries."
The city moves for dismissal of counts four, five and six of Simpson's complaint on the grounds that Simpson did not comply with the notice requirement of General Statutes § 13a-149, which is Simpson's exclusive remedy. The city argues that in Simpson's complaint she alleges that the condition which caused the injury obstructed the sidewalk/grassy area. The city further argues that the term `road' as contemplated by § 13a-149 includes `sidewalk' and encompasses the area where Simpson alleges the accident occurred. Thus, the city argues, Simpson's complaint falls within the purview of § 13a-149, which is Simpson's sole remedy. In addition, the city argues that because Simpson provided notice of the accident and the circumstances surrounding it nearly six months after it occurred when she gave the city a notice of intent to sue, Simpson did not comply with the ninety day notice requirement of §13a-149 and the court, therefore, does not have jurisdiction.
Simpson argues that General Statutes § 13a-149 is inapplicable because the city did not provide evidence that it was the party bound to repair the sidewalk/grassy area or pole and guide wire, and the city did not present evidence of a relationship between the sidewalk/grassy area and Soundbreeze Avenue in Groton Long Point. In her objection, Simpson additionally notes that the incident took place in Groton Long Point, which is a borough of the town of Groton and not part of the city of Groton. This, however, contradicts what she alleges in her complaint.
It is well established that "an action under the highway defect CT Page 9547 statute, [General Statutes] § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law. . . ." Ferreira v. Pringle, supra,255 Conn. 341-42. The issue thus presented to this court is whether Pole No. 153 and its guide wire, alleged to have been the cause of the injury, are defects contemplated by General Statutes § 13a-149 such that Simpson's complaint falls under the statute's purview and necessitates notice pursuant to its terms.
"[A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Brackets in the original; internal quotation marks omitted.) Ferreira v. Pringle, supra,255 Conn. 342. "[T]he word `road' as used in the statute has usually been construed to include a sidewalk," and the grassy area between the road and the sidewalk is an area "within the boundaries of the state right-of-way line" when it is maintained for public travel. (Internal quotation marks omitted.) Id., 350-51. "[T]he term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." Novicki v. New Haven,47 Conn. App. 734, 740, 709 A.2d 2 (1998). In Ferreira v. Pringle, the court determined that where public bus passengers were required to disembark on the grassy area next to the roadway, the area was maintained for public travel, and the condition in the grassy area that allegedly caused injury was a defect pursuant to General Statutes § 13a-149.Ferreira v. Pringle, supra, 255 Conn. 350-51.
"The general proposition that the public is entitled to the free use of any part of a public street must be accepted with the qualification that certain portions of the street may . . . be devoted to purposes other than travel. . . . Since it is not intended that there shall be travel on such areas, travelers who leave the way provided for them and attempt to cross such areas may not assume that the areas are free from danger or unusual conditions, as travelers may do in the use of the traveled way."Chazen v. New Britain, 148 Conn. 349, 354, 170 A.2d 891 (1961). Where a plaintiff chooses to cross an area not intended for pedestrian travel rather than using the provided travel path, however, the condition encountered within that area is not a defect under the statute. Id. InChazen v. New Britain, the court determined that where a pedestrian left the sidewalk to traverse through weeds and tall grass on an embankment CT Page 9548 rather than using the traveled way, the condition, a drain pipe located within the embankment, was not a defect within the meaning of General Statutes § 13a-149. Id.
Our Supreme Court distinguishes highway defects from "those objects which have no necessary connection with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but independent of the highway. . . ." (Internal quotation marks omitted.) Sanzone v. Board of Police Commissioners, supra,219 Conn. 202 (holding that a malfunctioning traffic light is a highway defect); see also Comba v. Ridgefield, 177 Conn. 268, 270, 413 A.2d 859
(1979) (holding that a tree limb overhanging the roadway that falls and injures a passing motorist is not a highway defect). A lighted street pole has been found to be a defect under § 13a-149. "[A] street lamp pole . . . installed by a town or city has the purpose of aiding users of the public way to see the area in which they are traveling or operating. It has a clear and necessary connection with the road bed." Savaria v.Town of Groton, Superior Court, judicial district of New London at Norwich, Docket No. CV 116532 (September 9, 1999, Mihalkos, J.) (25 Conn.L.Rptr. 397, 399).
While Simpson alleges that the city of Groton failed to install the "pole and guide wire in such location on the sidewalk/grassy area which would allow for the safe passage for bicycles . . . failed to warn the general public . . . failed to install a protective device and/or guard . . . so as to protect bicycles . . . failed to install adequate lighting so as to make said utility pole and guide wire more visible to the general public," and that the minor plaintiff was riding his bicycle in the sidewalk/grassy area, it is not clear from the complaint whether the area upon which Pole No. 153 is located is maintained for public travel, is an area where the public is invited and reasonably expected to travel, or whether the pole is used for illuminating the traveled way, facilitating travel or aiding users of the public way. Chazen v. NewBritain, supra, 148 Conn. 354; Novicki v. New Haven, supra,47 Conn. App. 740.
Taking the allegations in the complaint and construing them in a manner most favorable to the plaintiff, the court finds, as a matter of law, that Pole No. 153 and its guide wire are not defects contemplated by General Statutes § 13a-149. The notice requirement of § 13a-149
is, therefore, inapplicable to the present action, and General Statutes § 13a-149 is not Simpson's exclusive remedy. Accordingly, the court does not lack subject matter jurisdiction, and the city of Groton's motion to dismiss counts four, five and six is denied.
D. Michael Hurley, Judge Trial Referee CT Page 9549